Richard Eugene SIRES, Appellant,

v.

W. R. COLE, Judge, Superior Court of Kittitas County, County Court Building Ellensburg, Washington, and Joseph Panattoni, Prosecutor, County Court Building Ellensburg, Washington, and John R. Fox, Deputy Prosecutor, County Court Building Ellensburg, Washington, and The County of Kittitas, Appellees.

No. 18537.

United States Court of Appeals Ninth Circuit.

July 17, 1963.

Richard Eugene Sires, in pro. per.

No attorneys for appellee.

Before BARNES, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

This is an appeal from a district court order dismissing a civil rights action for damages.

On November 20, 1962, appellant, Richard Eugene Sires, tendered in the District Court for the Eastern District of Washington a complaint in · which damages in the sum of thirty thousand dollars were sought. Named as defendants were Kittitas County, Washington, and a superior court judge, the prosecuting attorney and a deputy prosecuting

attorney of that county. Jurisdiction was sought to be invoked under the Civil Rights Act, 42 U.S.C. §§ 1981, 1983, 1985, 1987 and 1988.

Sires alleged in his complaint that on March 9, 1959, he was convicted on his plea of guilty to an information charging him with the theft of a calf. He further alleged that whereas this offense is only a misdemeanor, he was sentenced as for a felony. As a result, Sires in effect alleged, he has been confined for a much longer period than authorized by statute and in an institution where only felons may be imprisoned, namely, the Washington State Penitentiary.

Sires also alleged in his complaint:

"The defendants have wilfully and neglectfully abused their duties by accepting such a plea and this trickery was for the sole purpose of imprisoning said petitioner with intent to falsely imprison him, and detain him in the Washington State Penitentiary, without any reasonable or probable cause whatever, for the period of 3½ years, *CONTRARY TO THE LAWS OF THIS STATE,* and against the will of the people of this State and the will of the plaintiff; whereby the plaintiff was then and there not only greatly hurt, but was exposed to public disgrace, injured in his credit and circumstances, along with physical and mental disorders, and other wrongs the defendants has [sic] caused to be placed upon the plaintiff."

Upon tendering this complaint Sires moved in the district court for leave to proceed in forma pauperis. The court entered an order granting leave to file the complaint without charge. In the same order, however, the district court ordered that process shall not issue "until otherwise and if subsequently ordered by the Court." On the same day the district court, on its own motion, entered another order requiring Sires to appear on a day to be fixed, to present arguments why the complaint should not be dismissed "as being frivolous and malicious and not stating a cause of action under any applicable statutes or rules of law."

Sires was present at this hearing, held on December 3, 1962. His motion made at the outset of that hearing that counsel be appointed to represent him was denied. The court, however, designated an assistant state attorney general, who was then in the courtroom, as amicus curiae to advise the court in the matter. Sires presented argument in support of his motion and statements were made by amicus curiae.

After taking the matter under advisement the court, on December 7, 1962, entered an order dismissing the action. In this order the court stated that Sires premised his action upon the four following allegations: (1) the information was invalid as it charged theft of one calf when the statute defines the offense as theft of one or more head of neat cattle; (2) his plea of guilty was not supported by testimony; (3) he was tricked into a plea of guilty; and (4) he was charged with a misdemeanor and found guilty of and sentenced for a felony.

The order then sets out the following reasons why the action was being dismissed: (1) it is a collateral attack on a judgment valid on its face and cannot be maintained; (2) the action is being used as a substitute for a petition for writ of habeas corpus; (3) no evidence is required on a plea of guilty as by such plea a defendant waives the formality of a trial; (4) false imprisonment is maintainable only when a person is held without color of legal authority; and (5) the action is not meritorious and should be dismissed.

■ Upon taking an appeal from this order Sires applied for and was granted, by the district court, leave to appeal in forma pauperis. He appears in this court *pro se.*[1] Since the district court

---

[1] Sires has recently been in this court in three other appeals involving other aspects of this state court conviction. In *Sires v. Cole,* 9 Cir., 314 F.2d 340, we

withheld issuance of process, defendants made no appearance in the district court or in this court.[2]

On April 4, 1963, while this appeal was pending, the same district court entered an order in another proceeding conditionally granting Sires a writ of habeas corpus with regard to the described conviction and sentence for theft of a calf. In this order it is recited that Sires was charged with a misdemeanor in the information, to which he entered a plea of guilty, but that he was sentenced for a felony "which was an improper sentence as he was not charged with the commission of a felony." The court directed that Sires be returned to the Superior Court of the State of Washington for Kittitas County for entry of a plea, "and if not accomplished in 30 days petitioner to be discharged."[3]

Shortly after this order was entered in the habeas corpus proceeding, Sires moved in this court for summary reversal of the order of dismissal here on appeal, and for a remand to the district court for further proceedings. We denied the motion without prejudice to its renewal at the time of hearing the appeal on its merits. The appeal was submitted on the merits, without argument, on July 1, 1963.

We need not decide whether any of the reasons stated by the district court for dismissing the action have merit because there are other reasons for dismissal, manifest on the face of the complaint, which in any event require us to affirm.

Congress did not undertake to bring municipal corporations within the ambit of 42 U.S.C. § 1983. Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (in which the statute is designated as R.S. § 1979). The considerations which have led to this conclusion, based largely upon an examination of the legislative history, indicate that this is likewise true of a state or county. See the legislative history reviewed in Monroe v. Pape, pages 188–191 of 365 U.S. pp. 484–486 of 81 S.Ct. It follows that the action was properly dismissed as to defendant Kittitas County.

Judges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter. Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 347, 351, 20 L.Ed. 646. The Civil Rights Act creates no exception to this immunity. Johnson v. MacCoy, 9 Cir., 278 F.2d 37, 41; Saier v. State Bar of Michigan, 6 Cir., 293 F.2d 756, 761.

In Sires' complaint there is no allegation that defendant superior court judge acted in the clear absence of all jurisdiction over the subject matter. Moreover, any such allegation would be frivolous and therefore the complaint is not subject to a corrective amendment in this regard. Accordingly, the action

affirmed on February 18, 1963. In Sires v. State of Washington, 9 Cir., 314 F.2d 883, we affirmed on March 13, 1963. In Sires v. Hunter, Misc. 1631, we denied leave to proceed in forma pauperis on April 1, 1963.

2. The result has been that both the trial court and this court have been deprived of the assistance of opposing counsel in deciding the questions presented. In our opinion it is better practice for the district court in such cases to permit issuance of process so that the problems to be dealt with in the trial court and on appeal may be considered in the context of an adversary proceeding.

3. It would appear that Sires had by then served far longer than any sentence which could be imposed upon conviction of a misdemeanor. He was sentenced on March 9, 1959, to a term of not more than fifteen years confinement in the Washington State Reformatory at Monroe, Washington. He was paroled on July 6, 1960, but was returned as a parole violator on December 22, 1960. On April 24, 1962, he was transferred to the Washington State Penitentiary where he was incarcerated at the time the conditional writ of habeas corpus was granted.

# 880

was properly dismissed as to that defendant.

The remaining defendants are the prosecuting attorney and a deputy prosecuting attorney of Kittitas County. A prosecuting attorney is a quasi-judicial officer and enjoys the same immunity from a civil action for damages as that which protects a judge. Barr v. Matteo, 360 U.S. 564, 569, 79 S.Ct. 1335, 3 L.Ed. 2d 1434; Kostal v. Stoner, 10 Cir., 292 F.2d 492, 493; Peckham v. Scanlon, 7 Cir., 241 F.2d 761, 763; Kenney v. Fox, 6 Cir., 232 F.2d 288, 290. For this reason the action was properly dismissed as to these remaining defendants.

The judgment is affirmed.