Edward Joseph **HURLBURT**, an infant over the age of 14 years, by Dorothy E. Hurlburt, his next friend, Plaintiff-Appellant,

v.

Myron A. **GRAHAM** et al., Defendants-Appellees.

No. 15165.

United States Court of Appeals
Sixth Circuit.

Oct. 21, 1963.

Robert J. Lord, Detroit, Mich., for appellant.

Donald T. Kane, Asst. Atty. Gen., Lansing, Mich., and Thomas Khederian, Detroit, Mich., argued for appellees.

Frank J. Kelley, Atty. Gen., Eugene Krasicky, Solicitor Gen., Lansing, Mich., on brief for Myron A. Graham and Leonard V. Rish.

Thomas Khederian, Detroit, Mich., on brief for Joan Dellapelle.

Richard J. Schonk and George J. Hart, Port Huron, Mich., on the brief, per se.

Alexander, Buchanan & Conklin, Detroit, Mich., on the brief; John A. Kruse, Detroit, Mich., of counsel, for Melvin G. Shields.

Hill & McPeters, by Kenneth W. Hill, Mount Clemens, Mich., on brief for Joseph T. Allard, Richard F. Burkhart and Chester Karp.

Before MILLER and WEICK, Circuit Judges, and PECK, District Judge.

WEICK, Circuit Judge.

This appeal is from an order of the District Court granting defendants' motion to dismiss plaintiff's amended complaint in which he sought to recover damages in the amount of $300,000 for the alleged violation of his civil rights. The complaint was filed under the authority of Title 42 U.S.C. §§ 1983, 1985, and 1986.

The controversy grows out of an accident in which an automobile driven by plaintiff collided with one driven by defendant Shields in Ira Township, St. Clair County, Michigan.

Following an investigation by the state police, Shields charged plaintiff with the offense of reckless driving in violation of M.S.A. § 9.2326, Comp.Laws Supp.1956, § 257.626. The complaint was filed with defendant George J. Hart, a justice of the peace in Ira Township. Plaintiff was represented by counsel at the trial. The justice found him guilty. Plaintiff appealed from his conviction to the Circuit Court of St. Clair County where the case is still pending.

The defendants Graham and Rish were state police officers. Allard, Burkhart

and Karp were policemen in New Baltimore, Michigan. Dellapelle was a passenger in Shield's automobile. Schonk was the duly elected prosecuting attorney for St. Clair County, Michigan.

In his amended complaint filed in the District Court, plaintiff in general language alleged a conspiracy to deprive him of his civil rights in the initiating of the prosecution before a justice of the peace who had no jurisdiction, using irregular procedures, obstructing justice and giving false versions of the accident in the trial of the case. The prosecuting attorney was charged with the knowledge of the conspiracy and failing and neglecting to prevent the other defendants from consummating it.

■■ In our opinion, the justice of the peace had jurisdiction of the offense of reckless driving charged in the complaint filed in his court. M.S.A. §§ 9.2326 and 28.1192, Comp.Laws 1948, § 774.1. The alleged violation of law took place in his township and county. The fact that under M.S.A. § 9.2326 a penalty in excess of a $100 fine and three months imprisonment may be imposed for a second offense did not deprive the justice of jurisdiction. The complaint filed in the justice court did not charge a second offense violation. Even where the justice of the peace imposes a fine in excess of the amount permitted by statute, it is void only as to the excess and valid up to the amount authorized. M.S.A. § 28.1192; In re Kenny, 147 Mich. 678, 111 N.W. 189. The justice also had jurisdiction over the person of plaintiff who appeared by counsel and participated in the trial.

■■ The justice of the peace and the prosecuting attorney were not liable under the Civil Rights statutes because of the principle of judicial immunity. Kenney v. Fox, 232 F.2d 288 (CA 6), cert. denied 352 U.S. 855, 856, 77 S.Ct. 84, 1 L.Ed.2d 66.

■■ If irregular procedures were used in connection with the arrest and trial in the justice court, Michigan has provided an adequate corrective remedy by appeal to the Circuit Court where plaintiff had the right to a trial de novo (M.S.A. § 27A.7701 et seq., Pub.Acts 1961, No. 236, § 7701 et seq.) and further appeal to the Supreme Court of Michigan. M.S.A. § 27A.215, Pub.Acts 1961, No. 236, § 215. Mere irregularity in state court proceedings, however, does not confer jurisdiction on the federal courts in a Civil Rights action. Cuiksa v. City of Mansfield, 250 F.2d 700 (CA 6), cert. denied 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 813.

■■ The police officers did not become liable under the Civil Rights Act merely because they investigated the accident, served a ticket on the plaintiff which required him to appear before the justice and testified in the case. The officers were not responsible for what subsequently took place in the trial of the case. Cuiksa v. City of Mansfield, supra. Nor do we think that giving a false version of the accident (which plaintiff claims the officers and other defendants did) would bring the case under the Civil Rights Act. If the rule were otherwise, any disgruntled litigant who lost his case in the state court could get a retrial in the federal court by alleging that his opponent gave a false account of the controversy.

Plaintiff relies strongly on Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492, but that case presented an entirely different situation from what we have here. Cf. Striker v. Pancher, 317 F.2d 780 (CA 6).

As before stated, the criminal prosecution against plaintiff is still pending on appeal in the Circuit Court of St. Clair County. It is clear to us that plaintiff has not been deprived of any right guaranteed him under the Constitution and laws of the United States, but on the contrary, he is receiving due process and equal protection of the law in the Michigan courts.

Affirmed.