**Francis L. HARMON, Appellant,**

**v.**

**The SUPERIOR COURT OF the STATE OF CALIFORNIA et al., Appellees.**

**No. 18751.**

United States Court of Appeals Ninth Circuit.

March 5, 1964.

155

Francis L. Harmon, in pro. per.

Stanley Mosk, Atty. Gen., for the State of California; and Robert H. O'Brien, Deputy Atty. Gen., Los Angeles, Cal., for appellees Ford, Shinn, Vallee, Wood, Mosk and Epstein.

Harold W. Kennedy, County Counsel, County of Los Angeles; and Robert C. Lynch, Deputy County Counsel, Los Angeles, Cal., for appellees Superior Court, Doyle, Pfaff, etc., et al.

Before BARNES, HAMLEY and BROWNING, Circuit Judges.

PER CURIAM.

Appellant, in pro. per., sues the Superior Court of Los Angeles County, cer-

tain of its judges, certain judges of the District Court of Appeal of the State of California, the Los Angeles County Sheriff, District Attorney, County Clerk, Probation Officer and Court Trustee, County Auditor and County Treasurer, in two causes of action, one based on an alleged deprivation of civil rights and the second based on a conspiracy to deprive appellant of those rights. This because certain of the appellees prosecuted or judicially acted upon a claim made in the State courts, based on §§ 1650–1690 of the California Code of Civil Procedure, the "Uniform Reciprocal Enforcement of Support Act," against appellant.

Treating the judgment of dismissal of the complaint below (Tr. p. 35) as a dismissal of the appellant's cause of action (as appellant does), we affirm the district court's action, because it held, and we hold:

(1) No claim is stated against any of the defendants.

(2) The acts of the judicial defendants complained of were judicial acts, done by them in the exercise of their judicial functions, under an absolute immunity from civil liability. (Bradley v. Fisher, 1872, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646.) The Civil Rights Act does not abrogate this immunity. (Johnson v. MacCoy, 9 Cir. 1960, 278 F.2d 37; Sires v. Cole, 9 Cir. 1963, 320 F.2d 877.)

(3) The acts of the "prosecuting defendants" complained of were "quasi-judicial" acts done by them in the exercise of their quasi-judicial functions, and under a similar, if not a same, immunity. "[A] like immunity extends to other officers of government whose duties are related to the judicial process." (Barr v. Matteo, 1959, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Sires v. Cole, supra.)

Affirmed.