**R. W. AGNEW, Appellant,**

v.

**Richard W. MOODY et al., Appellees.**

**No. 18541.**

United States Court of Appeals
Ninth Circuit.

April 1, 1964.

Rehearing Denied May 4, 1964.

R. W. Agnew, in pro. per.

Harold W. Kennedy, County Counsel, and John J. Collins, Deputy County Counsel, Los Angeles, Cal., for appellees Schmidt and Tulin.

Roger Arnebergh, City Atty., Bourke Jones, Asst. City Atty., and John A. Daly, Deputy City Atty., Los Angeles, Cal., for appellee Moody, et al.

Before HAMLIN, BROWNING and DUNIWAY, Circuit Judges.

BROWNING, Circuit Judge.

Appellant was arrested and given a traffic ticket by officers of the Los Angeles Police Department. He was charged, tried to a jury in the Los Angeles Municipal Court, and found guilty of violations of sections 20 and 21461 of the California Vehicle Code. The conviction was affirmed by the Appellate Department of the Superior Court of Los Angeles.

Appellant brought the present action charging various persons connected with the above events (police officers, deputy city attorneys, and the Judge of the Municipal Court, together with his court reporter, clerk, and bailiff) with violations of the Civil Rights Act, 42 U.S. C.A. §§ 1983, 1985, and 1986.

The district court dismissed the complaint with prejudice as to all defendants except the two arresting officers on the ground that as to these defendants it clearly appeared that plaintiff could not state a claim for relief. The complaint was dismissed as to the arresting officers for failure to comply with Rule 8 (a), Federal Rules of Civil Procedure, and plaintiff was given twenty days in which to file an amended complaint. He failed to do so, and judgment was entered dismissing the action as to all defendants.

I

■ We have repeatedly held that judges and "quasijudicial" officers, including prosecuting attorneys, are immune from suit under the Civil Rights Act for conduct in the performance of their official duties. See, e. g., Harmon v. Superior Court, 329 F.2d 154 (9th Cir. 1964); Sires v. Cole, 320 F.2d 877 (9th Cir. 1963). Appellant seeks to avoid the application of the rule to his complaint on three grounds.

■ He asserts that there is no immunity if the wrongful act is "of an extraordinary character," citing the approving quotation in Tenney v. Brandhove, 341 U.S. 367, 378, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), of language from Kilbourn v. Thompson, 103 U.S. 168, 204, 26 L.Ed. 377 (1880). If such an indefinite exception to the immunity rule exists, we are satisfied that appellant's case does not fall within it.

■ (2) Appellant argues that "the doctrine of judicial immunity is never a valid defense as to a charged conspiracy, since taking part in a conspiracy is outside of the judicial function." But conspiracy was alleged in Harmon v. Superior Court, 329 F.2d 154 (9th Cir. 1964). And although conspiracy is an essential element of the offense under 42 U.S.C.A. § 1985, the doctrine of immunity nonetheless applies to actions under that section. See, e. g., Hurlburt v. Graham, 323 F.2d 723 (6th Cir. 1963); Gay v. Heller, 252 F.2d 313 (5th Cir. 1958); Jennings v. Nester, 217 F.2d 153 (7th Cir. 1954); Dunn v. Gazzola, 216 F.2d 709 (1st Cir. 1954); Cawley v. Warren, 216 F.2d 74 (7th Cir. 1954).

■ (3) Appellant contends that judicial immunity is available only if the

court has jurisdiction, and asserts that the Judge of the Municipal Court lost jurisdiction by failing to respond within five days to a statement of bias and prejudice filed by appellant pursuant to subsection 5 of section 170, California Code of Civil Procedure. The Municipal Court had general jurisdiction to try the violations of the Vehicle Code with which appellant was charged (Cal. Penal Code, § 1462; Cal.Vehicle Code, § 40000), and "Judges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter." Sires v. Cole, 320 F.2d 877, 879 (9th Cir. 1963). The failure of the Judge to respond to appellant's statement of bias and prejudice clearly did not deprive the Judge of all jurisdiction over the subject matter. Instead of responding, the Judge ordered appellant's statement stricken on the ground that it consisted of "conclusions of law." His power to do so was clear. The statute requires that the statement set forth "the fact or facts" constituting the ground for disqualification; conclusions are not enough (see, e. g., Ephraim v. Superior Court, 42 Cal.App.2d 578, 109 P.2d 378 (Dist.Ct. App.1941), and "where * * * the statement is legally insufficient, the judge may ignore it or strike it from the files." Keating v. Superior Court, 45 Cal.2d 440, 443, 289 P.2d 209, 211 (1955). Since the Judge retained power to act, the doctrine of immunity applied even assuming that appellant's statement of bias and prejudice was legally sufficient and that the Judge erred in striking it. This is so because "some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, or that of the court held by him, or the manner in which the jurisdiction shall be exercised. And the same principle of exemption from liability which obtains for errors committed in the ordinary prosecution of a suit where there is jurisdiction of both subject and person, applies in cases of this kind, and for the same reasons." Bradley v. Fisher, 80 U.S. (18 Wall.) 335, 352, 20 L.Ed. 646 (1871).

II

Appellant has not contended that immunity, if available to the Judge, did not extend to his clerk, bailiff, and reporter. The Supreme Court has said, "a like immunity extends to other officers of government whose duties are related to the judicial process" (Barr v. Matteo, 360 U.S. 564, 569, 79 S.Ct. 1335, 1338, 3 L.Ed.2d 1434 (1959)), and the duties of clerks, bailiffs, and reporters clearly are. See Rhodes v. Houston, 309 F.2d 959 (8th Cir. 1962), affirming 202 F.Supp. 624, 634 (D.Neb.1962) (clerk); Peckham v. Scanlon, 241 F.2d 761, 763 (7th Cir. 1957) (court reporter). We do not reach the question, however, for we are satisfied that in any event the participation of these persons in the critical events, as alleged in exhaustive detail in appellant's complaint, was too remote and inconsequential to form the basis of a claim for relief under the Act.

III

 The complaint was dismissed as to the arresting officers for failure to satisfy the requirement of Rule 8(a) that it contain "a short and plain statement of the claim." Although the elements and factual context of appellant's claim for relief were simple, the complaint extended over fifty-five pages, excluding the prayer and exhibits. Making full allowance for whatever additional verbiage appellant might be permitted in view of the many decisions emphasizing the need for specificity in pleadings under the Civil Rights Act (Stiltner v. Rhay, 322 F.2d 314, 316 n. 4 (9th Cir. 1963)), the district court was entirely justified in holding that the complaint did not comply with Rule 8(a), and in ordering appellant to replead.

 Dismissal of the action for failure to obey the court's order was a

severe sanction, but appellant left the court no choice. Two and a half months passed beyond the twenty days allowed by the court's order with no effort on appellant's part to comply. The power of the court to dismiss the action for failure to obey the order was clear (Rule 41(b), Federal Rules of Civil Procedure; Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)); and in the circumstances of this case exercise of the power was proper. Maddox v. Shroyer, 112 U.S.App.D.C. 318, 302 F.2d 903, 904 (1962); Thompson v. Johnson, 102 U.S.App.D.C. 307, 253 F.2d 43 (1958).

Affirmed.