Charles G. SAMAHA et al., Plaintiffs,

v.

Jessie M. STEADMAN, Individually and as Executrix of the Estate of William Allen Steadman, Deceased et al., Defendants.

Civ. A. No. 1079–65.

United States District Court
D. New Jersey.

Dec. 27, 1966.

Landy, Bonello & Bonello, by Eugene W. Landy, Eatontown, N. J., for plaintiffs.

Stavis, Richardson, Koenigsberg & Rossmoore, by Samuel M. Koenigsberg, Newark, N. J., for defendants.

On Amended and Supplemental Motion Addressed to Third Amended Complaint

## OPINION

WORTENDYKE, District Judge:

This purports to be an action brought under the Securities Act of 1933 and the Securities Exchange Act of 1934. The Complaint, filed October 5, 1965, has been subjected to three amendments, and yet it cannot be said, with any degree of certainty what cause or causes of action have been alleged, or indeed whether any cause of action has been alleged. The Complaint and all the amendments thereto leave much to be desired.

The Amended and Supplemental Motion, addressed to this Third Amended Complaint, seeks, *inter alia*, a dismissal of that Amended Complaint. Such relief will be granted for the reasons hereinafter stated.

After the filing of the Complaint on October 5, 1965, a dismissal was granted by the Honorable Thomas F. Meaney, a Judge of this Court, on October 25, 1966, pursuant to a motion duly filed on January 26, 1966, with leave to amend.

A First Amended Complaint was filed on April 26, 1966 and, upon defendants' motion filed May 2, 1966, I granted a dismissal of that First Amended Complaint, with leave to amend; such Order of Dismissal being filed on June 3, 1966.

A Second Amended Complaint was filed on June 13, 1966. Defendants filed a Notice of Motion on July 8, 1966 seeking, *inter alia*, a dismissal of this Second Amended Complaint.

While the Notice of Motion in regard to the Second Amended Complaint was pending, and before the return date thereof, plaintiff, without leave of Court, filed a Third Amended Complaint on August 23, 1966. Against this Third Amended Complaint, defendants filed, on October 24, 1966, an Amended and Supplemental Motion in lieu of the pending motion, seeking, *inter alia*, a dismissal of the Third Amended Complaint.

Upon oral argument addressed to this Amended and Supplemental Motion, I orally disposed of certain aspects of the motion in open court. The Order upon that oral disposition was filed on November 29, 1966. During that oral argument, I expressly reserved decision on such aspects of the motion as would not be disposed of orally. The remaining dispositions of the motion are embodied in this Opinion.

The Third Amended Complaint is inartistically drawn, fails to sufficiently apprise the defendants of the cause or causes of action so that a proper defense may be prepared, and is fatally defective for the following reasons:

1. Charles G. Samaha and Albert L. Axel are no longer plaintiffs in this case. The action as to them was dismissed by Order of this Court, filed November 29, 1966. There is some considerable question, adduced from evidence of record, as to whether these two alleged plaintiffs ever gave their consent and authorization for suit to be brought in their behalf.

### COUNT I

2. This Count appears to allege a Rule X–10B–5 violation. However, there is no allegation that the alleged fraud

or deceit constituted injury to the corporation. See Carliner v. Fair Lanes, Inc., 244 F.Supp. 25 (D.Md. 1965); Hoover v. Allen, 241 F.Supp. 213, 227 (S.D.N.Y. 1965).

3. There is no indication that recovery is sought on behalf of the corporation.

4. It appears that the alleged Rule X–10B–5 violation arose out of a purportedly false and misleading proxy statement. It appears to be an open question as to whether a violation resulting from a false and misleading proxy statement is actionable under Rule X–10B–5. See Borak v. J. I. Case Company, 317 F.2d 838, 846–847 (7th Cir. 1963) aff'd on other grounds 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964); Barnett v. Anaconda Company, 238 F. Supp. 766, 776 (S.D.N.Y. 1965) citing *Borak,* supra. See also Section 14(a) of the 1934 Act, 15 U.S.C. § 78n(a), which relates specifically to false and misleading proxy statements.

### COUNT II

5. It cannot be ascertained what statutory violation is being alleged here. There is also no indication that recovery is sought on behalf of the corporation.

### COUNT III

6. Here again the cause of action appears to arise upon the proxy statement. See No. 4 above.

7. There is no indication that recovery is sought on behalf of the corporation.

### COUNT IV

8. In paragraph 4 of this Count, the plaintiff states: "The initial sale to plaintiffs was in violation of the Securities Act of 1933." The plaintiffs attempt to relate this statement with an alleged Rule X–10B–5 violation in this paragraph. I have absolutely no means of understanding what statutory violation is alleged here, nor the statutory support, if any, for such allegation.

9. The prayer for relief is " * * * against the defendants Professional Service, Inc., * * * ". A Rule X–10B–5 action is a derivative one, *for the benefit of,* as opposed to *against,* the corporation.

10. Further, in regard to a possible Statute of Limitations defense, nothing is alleged except the approximate time at which the plaintiff Whittle acquired his stock in Professional Service, Inc.; no other dates are set forth as to which a Statute of Limitations could be applied; no date is set forth as to when the alleged fraud occurred; no date is alleged as to when the alleged fraud was discovered.

### COUNT V

11. In paragraph 4 the plaintiffs state: "The sale of these unregistered securities created liabilities in favor of the purchaser under the Securities Acts of 1933 and 1934, and the existence of these liabilities were not disclosed to the plaintiffs at the time they purchased their securities

nor at the time of the plan of reorganization." This statement has no meaning in legal contemplation and fails to reveal a cause of action.

12. Here again the demand for judgment is *against*, as opposed to *for the benefit of*, the corporation.

### COUNT VI

13. This Count is not an adequate and clear notice of a valid cause of action.

### COUNT VII

14. This Count apprises one neither of the alleged statutory violation nor of the theory of liability.

### COUNTS VIII AND IX

15. These Counts were dismissed by Order of this Court filed November 29, 1966.

In view of the foregoing, it is accordingly ordered that defendants' motion to dismiss the Third Amended Complaint is granted, with leave to the plaintiffs to begin anew provided:

(1) There is a precise and particularized jurisdictional statement; and if there is more than one basis of jurisdiction, then such jurisdictional bases should be directly related to the respective counts in any new complaint that such jurisdictional bases are intended to support.

(2) There should be a clear and concise statement of the grounds for relief relied upon, with a clear statement of the violation or omission alleged, and the *specific* statutory provision which makes such a violation or omission actionable.

(3) It is requested that there be direct statutory citation to the United States Code not merely to the Statutes at Large.

(4) Where there is a possibility of a Statute of Limitations application, the specific dates of alleged violations should be clearly set forth.

I should like to point out that this complaint might have been dismissed merely upon plaintiffs' failure to comply with the Order of this Court, filed June 3, 1966, in regard to Rules 8(a) and 23 (b) and the other aspects set forth therein, see O'Brien v. Sinatra, 315 F.2d 637 (9th Cir. 1963); Agnew v. Moody, 330 F.2d 868 (9th Cir. 1964) reh. denied May 4, 1964, cert. den. 379 U.S. 867, 85 S.Ct. 137, 13 L.Ed.2d 70 (1964); or for the reason that the Third Amended Complaint was filed without leave of this Court and while there was on file a Second Amended Complaint, and a pending motion addressed thereto. However, due to my reluctance to dismiss on bare procedural grounds and my desire to adequately apprise counsel of my reasons for this dismissal, I have considered this Third Amended Complaint with some specificity. Furthermore, and in the event of further litigation, counsel may find it fruitful to become conversant with Rule 23, F.R.Civ.P., as completely rewritten, effective July 1, 1966.

An Order in conformity with this Opinion may be submitted.