**Harold FRIEDMAN, Plaintiff,**

v.

**Evelle J. YOUNGER et al., Defendants.**

**No. 67–1387.**

United States District Court
C. D. California.

March 27, 1968.

Harold Friedman, in pro. per.

John J. Maharg, County Counsel, and Robert H. Nida, Deputy County Counsel, for defendants Evelle J. Younger, Dist. Atty., and Anthony G. Sosich, Deputy Dist. Atty., Los Angeles County, Nathan Aaron, Deputy Probation Officer, Los Angeles County and Jerome Walters, Adult Probation Investigator, Los Angeles County.

### DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW and ORDER FOR DISMISSAL

HAUK, District Judge.

Defendants have filed motions to dismiss in this case in which plaintiff, an inmate at the California Men's Colony, Los Padres, California, seeks damages for violation of his civil rights by the

above-named defendants and others, including two deputy district attorneys, five police officers of the City of Los Angeles, and two attorneys in their individual capacities. Plaintiff seeks $430,-500 in compensatory and punitive damages in this action which was filed on September 21, 1967.

The complaint contains four causes of action, the first of which recites allegations of jurisdiction, residency, employment of defendants, agency, color of authority of defendants' actions, and that defendants acted intentionally, willfully and wantonly in depriving plaintiff of equal protection of the laws and due process of law.

Plaintiff's second cause of action describes his arrest on July 8, 1966, and events precedent and subsequent thereto, including his conviction on a plea of guilty to the crime of possession of marihuana.

Plaintiff's third cause of action describes events surrounding his receipt of a report submitted to the Court by the Probation Department.

Plaintiff's fourth cause of action describes plaintiff's retention of counsel to appeal his conviction and the results of the attorney's investigation and review of the case. Plaintiff further alleges therein that all defendants entered into a conspiracy to deprive him of his constitutional rights resulting in his imprisonment.

The uncontested facts as set forth in the plaintiff's complaint are for purposes of ruling on this motion to dismiss deemed admitted by the moving defendants and are relatively simple.

Jurisdiction of the Court has been invoked pursuant to 42 United States Code, Sections 1983 [1] and 1985(2) [2] and 28 United States Code, Sections 1331 [3]

1. 42 U.S.C.A. § 1983:
"§ 1983. *Civil action for deprivation of rights*
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. 42 U.S.C.A. § 1985(2):
"§ 1985. *Conspiracy to interfere with civil rights—Preventing officer from performing duties*
\* \* \* \* \*
*Obstructing justice; intimidating party, witness, or juror*
(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of

any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;"

3. 28 U.S.C.A. § 1331:
"§ 1331. *Federal question; amount in controversy; costs*
(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.
(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff is finally adjudged to be entitled to recover less than the sum or value of $10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled,

and 1343(3)[4] and 1343(4)[5] Plaintiff's complaint demands damages exceeding $10,000.

Plaintiff was arrested on July 8, 1966, by defendant police officers for selling marihuana. He was released from the City Jail, Van Nuys, California, on bail and approximately twenty-one days later was arrested on charges of possession of marihuana for sale, possession of narcotics for sale, and possession of dangerous drugs for sale.

Thereafter, through an agreement reached by plaintiff's attorney and the district attorney and deputy district attorney, who are the moving defendants herein, plaintiff pled guilty to one charge of possession of marihuana and the other charges were dismissed. Defendant district attorneys further agreed to recommend probation. However, the probation officer's report did not recommend probation to the Court and probation was not granted to this plaintiff.

■ The Court has examined the record before it which includes, among other things, plaintiff's complaint for damages, plaintiff's motion to proceed in *forma pauperis*, and defendants' motions to dismiss with points and authorities attached thereto. Plaintiff submitted points and authorities by way of a Memorandum and Supplement in opposition to the motions but did not enter an appearance, at the hearing on the motion, through counsel or otherwise, being incarcerated in the State penal institution known as California Men's Colony, Los Padres, California. The Court has concluded from its review of the above-mentioned materials and applicable case law that, even if every alleged fact that is favorable to plaintiff were true, such facts would not establish any cause of action for the plaintiff against the moving defendants. On the contrary, taking all the facts alleged in the light most favorable to the plaintiff, and indulging every inference in support of plaintiff's allegations, it is clear that the moving defendants are entitled to dismissal.

Now having examined the files, documents, and records herein, the cause as to these defendants, Evelle J. Younger, Anthony G. Sosich, Nathan Aaron, and Jerome Walters, having been submitted for decision and the Court being fully advised in the premises, the Court renders its decision.

## DECISION

*Plaintiff failed to allege facts in the complaint upon which relief could be granted against these defendants.*

■ It is well established that in an action for damages against public officials under the Civil Rights Act, the plaintiff must allege highly specific facts to defeat a motion to dismiss. Agnew v. City of Compton, 239 F.2d 226, 229 (9th Cir. 1956), cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957); Cox v. Shepherd, 199 F.Supp. 140, 143 (S.D.Cal.1961).

■ Rule 8 of the Federal Rules of Civil Procedure requires that the com-

and exclusive of interests and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff."

4. 28 U.S.C.A. § 1343(4):
  "§ 1343. *Civil rights and elective franchise*
  The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
    *   *   *   *   *
  (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the

Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;"

5. 28 U.S.C.A. § 1343(4):
  "§ 1343. *Civil rights and elective franchise*
  The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
    *   *   *   *   *
  (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

plaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief".[6] In construing this language, it has been held that when nothing whatsoever is alleged, plaintiff has not complied with the rule requiring him to show he is entitled to relief since the complaint must at the minimum reveal the basis upon which relief is sought. Rhodes v. Houston, 202 F.Supp. 624, 629 (D.Neb.1962), aff'd 309 F.2d 959 (8th Cir. 1962), cert. denied 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719 (1963).

Defendants Aaron and Walters are named only in the first and third causes of action in plaintiff's complaint. A careful examination of these causes of action reveals no allegation by plaintiff as to any act done by these defendants. Indulging in a reasonable inference favorable to plaintiff, the only factual connection with these defendants is their purported preparation and submission of a probation report to the Superior Court judge prior to sentencing.

Plaintiff's first cause of action alleges only that these defendants are employed by the Probation Department, County of Los Angeles, and that their residence is in California. Plaintiff's conclusionary allegations that they denied him equal protection of the laws and due process of law are insufficient to defeat a motion to dismiss. Agnew v. City of Compton, *supra*, 239 F.2d 226, 229 (9th Cir. 1956).

In plaintiff's third cause of action there are no facts alleged that would indicate defendants Aaron and Walters did anything other than participate in the preparation of the probation report. There is no allegation that they acted wrongfully in so doing or had any other factual connection with this plaintiff.

As to defendant Younger, plaintiff's complaint names him in all four causes of action. Nowhere in the complaint is there an allegation that defendant Younger performed any act, nor is there any allegation of fact whatsoever as to this defendant.

While the complaint names defendant Sosich in all four causes of action an examination of the first, third and fourth causes of action reveals no allegation of any fact as to this defendant. Conclusionary allegations phrased in terms of "deprivations of constitutional rights" are insufficient to defeat a motion to dismiss. Agnew v. City of Compton, supra, 239 F.2d 226, 231 (9th Cir. 1956).

Only in paragraph 21 is there a factual allegation which might apply to defendant Sosich. That paragraph states that deputy district attorneys agreed to recommend probation and dismiss all charges except one in exchange for plaintiff's plea of guilty. Paragraph 21, when considered with paragraph 22, indicates that the complaint for damages is based upon the Court's failure to grant probation. However, the complaint contains no allegation that defendant Sosich failed to recommend probation or acted in a wrongful manner during the course of the proceedings.

*Defendants Younger, Sosich, Aaron and Walters are immune from liability under the Civil Rights Act, and plaintiff has failed to allege facts sufficiently to show abandonment of their quasi-judicial role as a basis for liability.*

*(A) Immunity of District Attorney Younger and Deputy District Attorney Sosich.*

It is well established in most jurisdictions, including the Ninth Circuit, that prosecuting attorneys, such as the defendant district attorney and his deputies, are immune from liability for

---

6. Fed.R.Civ.P. 8:
    "*Rule 8.* GENERAL RULES OF PLEADING
    (a) *Claims for Relief.* A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief,"

damages under the Federal Civil Rights Act, 42 United States Code, Section 1983.[7] The courts, including the Ninth Circuit by whose rulings we are bound, have repeatedly reasserted their adherence to the general principle that prosecuting attorneys acting as quasi-judicial officers should enjoy the same immunity from civil liability as that which protects the judiciary. Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966); Robichaud v. Ronan, 351 F.2d 533, 536 (9th Cir. 1965); Agnew v. Moody, 330 F.2d 868, 869 (9th Cir. 1964); Bauers v. Heisel, 361 F.2d 581, 590 (3rd Cir. 1966); Carmack v. Gibson, 363 F.2d 862, 864 (5th Cir. 1966); Gabbard v. Rose, 359 F.2d 182, 185 (6th Cir. 1966).

██ Limitations on this immunity are recognized by the Ninth Circuit, however, and under some circumstances prosecuting attorneys lose their immunity when they abandon their quasi-judicial role. Robichaud v. Ronan, *supra*, 351 F.2d 533, 536 (9th Cir. 1965); Corsican Productions v. Pitchess, 338 F.2d 441, 444 (9th Cir. 1964); Lewis v. Brautigam, 227 F.2d 124, 128–129, 55 A.L.R. 2d 505 (5th Cir. 1955).

The nature and extent of this limitation on the immunity of prosecuting attorneys is discussed extensively in Robichaud v. Ronan, *supra*, 351 F.2d at pages 536 to 538.

"Our court has held, in recent decisions, that a prosecuting attorney is immune from liability for damages under 42 USC § 1983. Agnew v. Moody, supra; Harmon v. Superior Court, supra [329 F.2d 154 (9th Cir. 1964)]; Sires v. Cole, supra [320 F.2d 877 (9th Cir. 1963)]; The foundation of these opinions is that prosecuting attorneys, in acting as quasi-judicial officers, should enjoy the same immunity from civil liability as that which protects a judge. We adhere to our former opinions, but we cannot extend the doctrine of immunity beyond its purpose. * * *

"The key to the immunity previously held to be protective to the prosecuting attorney is that the acts, alleged to have been wrongful, were committed by the officer in the performance of an integral part of the judicial process. It is in this light that we must examine the case at bar". * *

"The title of office, quasi-judicial or even judicial, does not, of itself, immunize the officer from responsibility for unlawful acts which cannot be said to constitute an integral part of judicial process".

██ It is the rule in this Circuit that a prosecuting attorney is immune from suit under the Federal Civil Rights Act for acts occurring within his "judicial or quasi-judicial role." This immunity may or may not be extended to the prosecutor when he acts in other nonjudicial roles, such as that of policeman or investigator. To determine the applicable standard of immunity, the Court must examine the act attributed to the defendant rather than looking to the position or title that he holds.

██ Examining plaintiff's complaint with these statements in mind, although there is an allegation in Paragraph 34 that defendants "abanded (sic) their possible 'quasi-judicial' role", there are no facts to support such a conclusion. Giving the plaintiff the benefit of all reasonable inferences to be drawn from the facts and circumstances alleged in the complaint, there would still be no basis upon which to support such a conclusion. It is therefore apparent that defendants Younger and Sosich are and must be deemed immune in this instance.

*(B) Immunity of Deputy Probation Officer Aaron and Adult Probation Investigator Walters.*

The immunity of probation officers and investigators has received little discussion in the cases brought under the Civil Rights Act, most of which deal with prosecuting attorneys and law enforcement officers. However, it seems

---

7. See Footnote 1, supra.

readily apparent that in preparing and submitting a probation report on a defendant in a criminal case, such officers would be performing a "quasi-judicial" function, especially wherein they are acting under orders of the Court in rendering a report to that Court.

California Penal Code, Section 1203, establishes the role of a probation officer under state law and his relationship with the court:

"The probation officer must thereupon make an investigation of the circumstances surrounding the crime and of the prior record and history of the defendant, must make a written report to the court of the facts found upon such investigation, and must accompany said report with his written recommendations including his recommendations as to the granting or withholding of probation to the defendant and as to the conditions of probation if it shall be granted."

The functions of a deputy probation officer and an adult probation investigator are "in the performance of an integral part of the judicial process", within the meaning of Robichaud v. Ronan, supra, 351 F.2d at 536, so as to dictate immunity from suit under the Civil Rights Act. See also Clark v. State of Washington, supra, 366 F.2d at 681, wherein this rule is applied to the Washington State Bar Association. This immunity was recognized in the Ninth Circuit as to probation officers in Harmon v. Superior Court, 329 F.2d 154, 155 (9th Cir. 1964), where the Court stated "a like immunity extends to other officers of the government whose duties are related to the judicial process".

■ Under the facts alleged and the circumstances to be reasonably inferred from said facts, it is apparent that defendants Aaron and Walters, in their respective capacities as deputy probation officer and adult probation investigator, did not abandon their "quasi-judicial" role and therefore are immune from liability in this instance.

*The immunity of defendants Younger, Sosich, Aaron and Walters exists even where conspiracy to deprive the plaintiff of his constitutional rights is alleged.*

■ Plaintiff herein alleges a conspiracy between all captioned defendants in Paragraphs 7 and 34 of his complaint. These allegations are conclusionary in nature and unsupported by facts and hence insufficient to constitute a basis for relief. Hoffman v. Halden, 268 F. 2d 280 (9th Cir. 1959). Plaintiff further alleges that all acts alleged to have been accomplished by all defendants were done in furtherance of said conspiracy.

■ The fact that plaintiff attempts to bind together his complaint and all twelve defendants by general allegations of "conspiracy" does not lessen the immunity of these defendants. As the Ninth Circuit noted in Agnew v. Moody, supra, 330 F.2d at 869, in upholding the immunity claimed by the prosecuting attorney:

" * * * although conspiracy is an essential element of the offense under 42 U.S.C.A. § 1985, the doctrine of immunity nonetheless applies to actions under that section. See, e.g. Hurlburt v. Graham, 323 F.2d 723 (6th Cir. 1963); Gay v. Heller, 252 F.2d 313 (5th Cir. 1958); Jennings v. Nester, 217 F.2d 153 (7th Cir. 1954); Dunn v. Gazzola, 216 F.2d 709 (1st Cir. 1954); Cawley v. Warren, 216 F. 2d 74 (7th Cir. 1954).

Now the Court, having made the foregoing decision, makes its Findings of Fact and Conclusions of Law as follows:

### FINDINGS OF FACT

1. Plaintiff was convicted of possession of marihuana in the Superior Court of California for the County of Los Angeles on a plea of guilty after consultation with private counsel.

2. Plaintiff was not granted probation upon the recommendation of the report rendered by the Probation Department, County of Los Angeles.

3. Defendant Nathan Aaron was a Deputy Probation Officer, County of Los Angeles, at the time plaintiff's probation was being considered.

4. Defendant Jerome Walters was an Adult Probation Investigator, County of Los Angeles, at the time plaintiff's probation was being considered.

5. Defendants Aaron and Walters prepared and/or submitted the probation report to the Court.

6. Defendant Evelle J. Younger was District Attorney, and defendant Anthony G. Sosich was Deputy District Attorney, County of Los Angeles, at the time of plaintiff's conviction.

7. Defendants Younger, Sosich, Aaron, and Walters acted in the course and scope of the authority of their respective positions as to the facts alleged in plaintiff's complaint, and did not therein abandon their judicial or "quasi-judicial" roles.

8. Defendants Younger, Sosich, Aaron, and Walters did not exceed the jurisdiction of the respective offices relative to the facts alleged in the complaint and those reasonably inferred therefrom being favorable to plaintiff.

9. The allegations of plaintiff's complaint, to the extent that they are inconsistent with the Findings of Fact herein, as to these four defendants, are untrue.

10. The following Conclusions of Law, insofar as they may be concluded Findings of Fact, are so found by this Court to be true in all respects. From the foregoing facts, the Court concludes that:

## CONCLUSIONS OF LAW

### I

Plaintiff's allegations of fact as to defendants Evelle J. Younger and Anthony G. Sosich are insufficient to state a claim upon which relief as to these defendants could be granted.

### II

Plaintiff's allegations of fact as to defendants Nathan Aaron and Jerome Walters are insufficient to state a claim upon which relief as to these defendants could be granted.

### III

Defendants Evelle J. Younger and Anthony G. Sosich are immune from liability under 42 United States Code, Sections 1983 and 1985, in that they did not abandon their judicial or "quasi-judicial" roles as to the plaintiff in this action.

### V

Any conclusions of law contained in the Findings of Fact are deemed incorporated herein by reference.

### VI

The Complaint and each and every cause of action and claim for relief therein contained fail to state a claim upon which relief can be granted. Accordingly, plaintiff is not entitled to any relief under or by virtue of the Complaint.

## ORDER

By reason of the foregoing Decision, Findings of Fact and Conclusions of Law IT IS HEREBY ORDERED that judgment of dismissal be entered herein against the plaintiff and in favor of the defendants, Evelle J. Younger, individually, and as District Attorney, County of Los Angeles, Anthony G. Sosich, individually and as Deputy District Attorney, County of Los Angeles, Nathan Aaron, individually, and as Deputy Probation Officer, Probation Department, County of Los Angeles, and Jerome Walters, individually, and as Adult Probation Investigator, Probation Department, County of Los Angeles, upon the complaint herein and each and every cause of action and claim for relief set forth therein.

LET JUDGMENT BE RENDERED ACCORDINGLY.