**Harold FRIEDMAN, Plaintiff,**

v.

**Evelle J. YOUNGER et al., Defendants.**

**No. 67–1387.**

United States District Court
C. D. California.

Feb. 11, 1969.

See also D.C., 282 F.Supp. 710.

Harold Friedman, in pro. per.

Roger Arnebergh, City Atty., John A. Daly, Asst. City Atty., and Louis H. De-Haas, Jr., Deputy City Atty., Los Angeles, Cal., for defendants.

DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DISMISSAL AS TO REMAINING DEFENDANTS [See Prior Decision as to Other Defendants, 282 F.Supp. 710 (C.D.Cal. 1968)]

HAUK, District Judge.

The remaining defendants herein (other than those previously dismissed from this action [see prior decision, and order herein of March 27, 1968, 282 F.Supp. 710 (C.D.Cal.1968)]) have filed motions to dismiss in this case in which plaintiff, an inmate of the California Men's Colony, Los Padres, California, seeks damages for violation of his civil rights by the above named defendants. Plaintiff seeks $430,500.00 in compensatory and punitive damages in this action which was filed on September 21, 1967.

The Complaint contains four Causes of Action, the First of which recites allegations of jurisdiction, residency, employment of defendants, agency, color of authority of defendants' actions, and that defendants acted intentionally, wilfully, and wantonly in depriving plaintiff of equal protection of the laws and due process of law.

Plaintiff's Second Cause of Action describes his arrest on July 8, 1966 and events precedent and subsequent thereto, including his conviction on a plea of guil-

ty to the crime of possession of marijuana.

Plaintiff's Third Cause of Action describes events surrounding his receipt of a report submitted to the Court by the Probation Department.

Plaintiff's Fourth Cause of Action describes plaintiff's retention of counsel to appeal his conviction and the results of the attorney's investigation and review of the case. Plaintiff further alleges therein that all defendants entered into a conspiracy to deprive him of his constitutional rights resulting in his imprisonment.

■ The uncontested facts as set forth in the plaintiff's Complaint are, for purposes of ruling on this Motion to Dismiss, deemed admitted by the moving defendants and are relatively simple.

Jurisdiction of the Court has been invoked pursuant to 42 U.S.C., Sections 1983 and 1985(2) and 28 U.S.C., Sections 1331 and 1343(3) and 1343(4). Plaintiff's Complaint demands damages exceeding $10,000.00.

Plaintiff was arrested on July 8, 1966 by defendant police officers for selling marijuana. He was released from the City Jail, Van Nuys, California, on Bail and approximately 21 days later was arrested on charges of possession of marijuana for sale, possession for sale, and possession of dangerous drugs for sale.

Thereafter, through an agreement reached by plaintiff's attorney, the District Attorney and the Deputy District Attorney, plaintiff pled guilty to one charge of possession of marijuana and the other charges were dismissed. The probation officer's report did not recommend probation to the Court and probation was not granted to this plaintiff.

The Court has examined the record before it which includes among other things, plaintiff's Complaint for Damages, plaintiff's Motion to Proceed in Forma Pauperis, plaintiff's Memorandum in Opposition to Dismiss and defendants' Motions to Dismiss with Points and Authorities attached thereto. Plaintiff submitted opposition to said Motion by way of Memorandum in Opposition to Motion to Dismiss, but did not enter an appearance at the hearing on the said Motion being incarcerated in the State Penal Institution known as California Men's Colony, Los Padres, California. The Court has concluded from plaintiff's review of the above-mentioned materials and applicable case and statutory law that even if every alleged fact that is favorable to plaintiff were true, such facts would not establish any Cause of Action for the plaintiff against the moving defendants. On the contrary, taking all the facts alleged in the light most favorable to the plaintiff, and indulging every inference in support of plaintiff's allegations, it is clear that the moving defendants are entitled to Dismissal.

Now, having examined the files, documents and records herein, the Cause as to these defendants, F. A. MULLENS, S. A. TROTSKY, L. P. WALSH, M. D. SEYBERT and G. PERKINS, having been submitted for decision and the Court being fully advised in the premises, the Court renders its Decision.

## I

### PLAINTIFF FAILED TO ALLEGE FACTS IN THE COMPLAINT UPON WHICH RELIEF COULD BE GRANTED AGAINST THESE DEFENDANTS.

■ It is well established that in an action for damages against public officials under the Civil Rights Act, the plaintiff must allege highly specific facts to defeat a Motion to Dismiss. Agnew v. City of Compton, (CA Cal.1956) 239 F.2d 226, cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910.

Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A. requires that the

Complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In construing this language, it has been held that when nothing whatsoever is alleged, plaintiff has not complied with the rule requiring him to show he is entitled to relief since the complaint must at a minimum reveal the basis upon which relief is sought. Rhodes v. Houston, (DC Neb. 1962) 202 F.Supp. 624, 629, affd. 309 F.2d 959, cert. denied 372 U.S. 909, 83 S.Ct. 724, 9 L.Ed.2d 719.

All five defendants are named in all four Causes of Action in plaintiff's Complaint. An examination of First, Third and Fourth Cause of Action reveals no allegation of any facts whatsoever, as to all of these defendants. In addition, the Second Cause of Action reveals no allegation of any fact whatsoever as to a Defendant M. D. SEYBERT. Thus, there is no factual allegation in any of the four Causes of Action against Defendant SEYBERT.

Conclusionary allegations phrased in terms of "deprivation of constitutional rights" are insufficient to defeat a Motion to Dismiss. Agnew v. City of Compton, supra, 239 F.2d 226, 231.

Only in Paragraphs 18, 19 and 20 are there factual allegations which could apply to defendants F. A. MULLENS, S. A. TROTSKY, L. P. WALSH and G. PERKINS. Those allegations state that plaintiff was arrested by the above four defendants and that a search of plaintiff's home was made. The paragraphs further state that plaintiff was re-arrested at a later time "by the same officer that had threatened plaintiff prior to this arrest, * * * that the property confiscated by the police was planted there by the arresting officer who was working with Roy Steen and Judy Cook."

The above excerpts show that plaintiff's Complaint is confused and ambiguous in connecting these four defendants with the re-arresting of the plaintiff. One can only surmise as to who the officer is that re-arrested the plaintiff and participated in the above alleged conduct. On further reading of plaintiff's Complaint, one cannot ascertain if plaintiff was convicted of the crime resulting from the first arrest or the re-arrest.

Where a complaint alleging violation of civil rights is so verbose, confused and redundant, the defendants are entitled to a dismissal. Corcoran v. Yorty, (C.A. Cal.1965) 347 F.2d 222, cert. denied, 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370, rehearing denied, 382 U.S. 1002, 86 S.Ct. 584, 15 L.Ed.2d 492, motion denied, 384 U.S. 923, 86 S.Ct. 1369, 16 L.Ed.2d 444.

## II

PLAINTIFF HAS FAILED TO ALLEGE FACTS IN THE COMPLAINT TO WARRANT A CONSPIRACY CHARGE AGAINST DEFENDANTS F. A. MULLENS, S. A. TROTSKY, L. P. WALSH, M. D. SEYBERT AND G. PERKINS.

Plaintiff alleges a conspiracy between all captioned defendants in paragraphs 7 and 34 of his Complaint. Conclusionary allegations unsupported by allegations of overt acts in furtherance of the conspiracy are insufficient to constitute a basis for relief. Hoffman v. Halden, (9th Cir. 1959) 268 F.2d 280.

## III

A CASE BROUGHT IN FEDERAL COURT BY A PRISONER IN A STATE PRISON SHOULD BE DISMISSED SINCE SAID PRISONER CAN BRING SUIT IN A MORE FAVORABLE ATMOSPHERE WHEN HE IS AGAIN A MEMBER OF FREE SOCIETY.

The Honorable Peirson Hall, Judge of the United States District Court, has on several occasions dismissed actions brought by persons in prison under the civil rights act. For example, he has dismissed the case of Roberts v. Barbosa, (D.C.1964) 227 F. Supp. 20, and Goldstein v. Van Court,

et al., United States District Court No. 64–19 (April 20, 1964), in which Judge Hall's reasoning was that since the Statute of Limitations tolled while the plaintiff is confined and pursuant to the doctrine laid down by the 9th Circuit in Weller v. Dickson, 9 Cir., 314 F.2d 598, cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72, the Federal Court should refrain from taking jurisdiction in such cases as the instant one for the reason that suit can be brought in a more favorable atmosphere by the plaintiff after he has again become a member of free society.

Now, the Court having made the foregoing Decision, makes its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACT

1. Plaintiff was convicted of possession of marijuana in the Superior Court of California for the County of Los Angeles on a plea of guilty after consultation with private counsel.

2. F. A. Mullens, Defendant, was a Los Angeles police officer.

3. S. A. Trotsky, Defendant, was a Los Angeles police officer.

4. L. P. Walsh, Defendant, was a Los Angeles police officer.

5. M. D. Seybert, Defendant, was a Los Angeles police officer.

6. G. Perkins, Defendant, was a Los Angeles police officer.

7. Philip Erbsen was plaintiff's attorney at time of trial and upon making of plea.

8. No service of Complaint was effected on Philip Erbsen.

9. Defendants F. A. Mullens, S. A. Trotsky, L. P. Walsh, M. D. Seybert and G. Perkins did not exceed the jurisdiction of their respective positions relative to the facts alleged in the Complaint and those reasonably inferred therefrom being favorable to plaintiff.

10. The allegations of plaintiff's Complaint, to the extent that they are inconsistent with the Findings of Fact herein, as to these five defendants, are untrue.

11. The following Conclusions of Law, insofar as they may be concluded Findings of Fact, are so found by this Court to be true in all respects. From the foregoing facts, the Court concludes that:

## CONCLUSIONS OF LAW

### I

Plaintiff's allegations of fact as to Defendants F. A. MULLENS, S. A. TROTSKY, L. P. WALSH, M. D. SEYBERT and G. PERKINS are insufficient to state a claim upon which relief as to defendants could be granted.

### II

Plaintiff's allegations of fact as to Defendant PHILIP ERBSEN are insufficient to state a claim upon which relief as to defendants could be granted.

### III

Any Conclusion of Law contained in the Findings of Fact are deemed incorporated herein by reference.

### IV

The Complaint and each and every Cause of Action and claim for relief therein contained fail to state a claim upon which relief can be granted. Accordingly, plaintiff is not entitled to any relief under or by virtue of the Complaint.

## ORDER

By reason of the foregoing Decision, Findings of Fact and Conclusions of Law

It is hereby ordered:

1. That Judgment of Dismissal be entered herein against the plaintiff and in favor of the defendants F. A. MULLENS, individually and as Los Angeles Police Detective, State of California; S. A. TROTSKY, individually and as Los Angeles Police Detective, State of Cali-

fornia; L. P. WALSH, individually and as Los Angeles Police Detective, State of California; M. D. SEYBERT, individually and as a Los Angeles Police Detective, State of California; and G. PERKINS, individually and as Los Angeles Police Detective, State of California; upon the Complaint herein and each and every Cause of Action and claim for relief set forth herein.

2. That the Court's Order of March 27, 1968 [282 F.Supp. 710 (C.D.Cal. 1968)] is confirmed and re-affirmed dismissing Defendants EVELL YOUNGER, individually and as District Attorney, Los Angeles, State of California; G. SOSICH, individually and as Deputy District Attorney, Los Angeles, State of California; NATHAN ARRON, individually and as Deputy Probation Officer, Los Angeles, State of California; JEROME WALTERS, individually and as Adult Probation investigator, Los Angeles, State of California; upon the grounds set forth in its Order of March 27, 1968.

3. That the Court's Order of March 18, 1968 is confirmed and re-affirmed dismissing defendants EDWARD BROWN, individually and as an Attorney, Los Angeles, State of California; and J. D. Campbell, individually and as Deputy District Attorney, Los Angeles, State of California; for failure to effect service on these said defendants; under authority provided by 41(b) Federal Rules of Civil Procedure for want of prosecution.

4. Judgment of Dismissal be entered herein against Plaintiff and in favor of the defendant, PHILIP ERBSEN, individually and as an attorney in the County of Los Angeles, upon the complaint herein and each and every Cause of Action and claim for relief set forth herein and for failure to effect service upon his person; under authority provided by 41(b) Federal Rules of Civil Procedure.

Let judgment be rendered accordingly.