419 F.2d 376
 Lloyd P. BAKER, Appellant,
v.
Charles HOWARD, N. R. Adkins, Michael J. Reynolds, Robert H.
Ayre, Klamath Falls Broadcasting Co. Radio Station
KAGO, a corporation, John L. Ferm and
Mike Hammer, Appellees.
 No. 24021.
 United States Court of Appeals Ninth Circuit.
 Dec. 8, 1969.
 
 Paul R. Meyer (argued), of Kobin & Meyer, Portland, Or., for appellant.
 Edward H. Warren (argued), of Hershiser & Mitchell, Portland, Or., Haviland & Karaman, Medford, Or., Allan B. DeSchweinitz, Salem, Or. (argued), for Klamath Falls Broadcasting Co.
 Before HAMLEY, HAMLIN and WRIGHT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Asserting jurisdiction under 42 U.S.C. 1983 and 28 U.S.C. 1343 (civil rights), and under 28 U.S.C. 1331 (federal question), Lloyd P. Baker brought this action for damages and injunctive relief against the police officers and the city manager of Klamath Falls, Oregon, radio station KAGO in Klamath Falls, and two employees of KAGO. The district court dismissed the action on defendants' motion, for failure to state a claim, and Baker appeals.
 
 
 2
 In his complaint Baker alleged that the actions of defendant police officers in concert with defendant KAGO invaded his 'constitutionally protected right of privacy.' Specifically, plaintiff alleged that after the police had investigated a 'suspicious incident' involving him and had concluded that no crime had been committed, the police deliberately released to KAGO a police report containing 'libelous and false statements' suggesting that plaintiff had committed a crime. KAGO then published the report to the community. According to Baker, this conduct directly resulted in the loss of his teaching job and also damaged him in other ways.
 
 
 3
 The district court dismissed the action upon the ground that the facts alleged would not, if proven, establish that Baker has been deprived of any right secured by the Constitution of the United States.
 
 
 4
 We agree. Under some circumstances there can be such a gross abuse of privacy as to amount to an abridgement of fundamental constitutional guarantees. See Griswold v. Connecticut, 381 U.S. 479, 485, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); York v. Story, 9 Cir., 324 F.2d 450, 454-455. But the invasion of privacy here complained of is not, in our opinion, so flagrant that it calls for invocation of the Constitution. We need not decide whether the facts alleged state a claim for breach of a common law right to privacy. This is not a diversity action.
 
 
 5
 In addition to what is said above, we think that the case involves defendants' First Amendment right of free speech and free press and for that reason calls for the exercise of restraint. No such consideration was involved in Griswold or York.
 
 
 6
 Affirmed.