**SAN FRANCISCO REDEVELOPMENT AGENCY, etc., Plaintiff,**

v.

**President Richard M. NIXON et al., Defendants.**

**The HOUSING AUTHORITY OF the CITY AND COUNTY OF SAN FRANCISCO, etc., Plaintiff,**

v.

**President Richard M. NIXON et al., Defendants.**

**Nos. C–71–1133, C–71–1135.**

United States District Court, N. D. California.

July 30, 1971.

———◆———

Frederick P. Furth, San Francisco, Cal., Joseph L. Alioto, San Francisco, Cal., of counsel, for plaintiff San Francisco Redevelopment Agency.

Donald B. King, San Francisco, Cal., Joseph L. Alito, San Francisco, Cal., of counsel, for plaintiff Housing Authority of City and County of San Francisco.

James L. Browning, U. S. Atty., Brian B. Denton, Asst. U. S. Atty., San Francisco, Cal., for defendant.

OLIVER J. CARTER, Chief Judge.

Plaintiffs in the instant actions seek mandamus from this Court directed to the President of the United States. They contend that the President is obligated under an appropriations bill (Pub.Law 91–609) passed by Congress and signed by him to allot the money appropriated to the various executive agencies involved. They contend that this is a merely ministerial duty and that mandamus by the United States District Court is an appropriate remedy.

The government contends that regardless of the merits of the case no United States Court can direct a mandate toward the person of the President. Accordingly they have moved the Court to quash the service of a summons directed to the President.

The Court concludes that the real issue is whether the President should be dismissed as a party.

Counsel for plaintiffs and the Court have been unable to find authority for the proposition that a United States District Court may compel the head of the Executive Branch of government to take any action whatsoever. No decided cases since Marbury v. Madison, 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803) have even contemplated this question. It is clear, therefore, that a long standing policy, if not a positive rule, has avoided such an intragovernmental confrontation. The plaintiffs have failed to show this Court any good cause why this long standing forbearance should now be abrogated.

Accordingly, the motion to quash service and dismiss the President from these causes of action is granted.