Thomas **REESE** et al., Plaintiffs,

v.

Richard M. **NIXON** et al., Defendants.

Civ. No. 72–1084–AAH.

United States District Court,
C. D. California.

Aug. 29, 1972.

Marks, Sherman & Schwartz, Beverly Hills, Cal., for plaintiffs.

Edward T. Fogel, Jr., Deputy Atty. Gen., Michael H. Dougherty, Deputy County Counsel, Louis H. De Haas, Jr., Deputy City Atty., James R. Dooley, Asst. U. S. Atty., for defendants.

## DECISION AND ORDER DISMISSING COMPLAINT WITH PREJUDICE

HAUK, District Judge.

This matter arises out of a purported civil rights Complaint brought by the Plaintiffs on behalf of themselves and all others similarly situated, against various Federal, State, County and City officials and agents ranging from Richard M. Nixon, President of the United States, to various unnamed "agents-provacateurs." After making the bald assertion that the named Defendants have "conspired to deprive the plaintiffs . . . of their rights, privileges and immunities secured by the Constitution and laws of the United States," the Plaintiffs list six methods by which their civil rights allegedly are being curtailed. It is alleged that all of the Defendants violated Plaintiffs' constitutional rights by "openly tailing" some Plaintiffs, "[f]alsely arresting and imprisoning" others, "engaging in Unlawful" searches and seizures, "confiscating" personal property, "falsely procuring" warrants and subpoenas, and "[u]sing the color of law to interrogate in a threatening and intimidating manner the plaintiffs." The long tabulation of the constitutional rights Plaintiffs claim have been violated need not be recited here.

Jurisdiction of this Court has been invoked pursuant to 42 U.S.C. § 1983, 1985, 28 U.S.C. §§ 1331, 1343, and 18 U.S.C. § 2520. Separate motions to dismiss were filed on behalf of the Federal, State, County and City Defendants and the Court set them all for hearing on July 10, 1972. Now, having read and carefully considered the various motions, the opposition thereto, and the points and authorities cited by both Plaintiffs and Defendants, this Court is fully advised in the premises and orders dismissal of the Complaint as to all Defendants for the reasons hereafter stated.

■ Preliminarily we must dismiss all the unnamed Defendants, who, upon the Plaintiffs' estimate, number "approximately 500." Under Rule 4(j) of the Local Rules for the United States District Court, Central District of California, a complaint in which parties are designated by wholly fictitious names is not even permitted to be filed "unless the complaint be accompanied by a dismissal as to every party designated by a fictitious name." *See* Molnar v. National Broadcasting Co., 231 F.2d 684, 687 (9th Cir. 1956). Since the allegations of this Complaint fail to give sufficient information to identify in any way these five hundred unnamed Defendants, we must regard them as fictitious parties and dismiss as to them.

Having disposed of the five hundred anonymous Defendants, we now look to the comparatively insignificant number of Defendants whom the Plaintiffs have named specifically in their Complaint, to wit: Richard M. Nixon, President of the United States, Richard G. Kleindienst, Attorney General, David M. Kennedy, former Secretary of the Treasury, Randolph W. Thrower, Commissioner of Internal Revenue and William D. Keller, United States Attorney for the Central District of California (hereinafter sometimes referred to as the "Federal Defendants"); Edward B. Davis, Chief of Police of the City of Los Angeles (hereinafter sometimes referred to as the "City Defendant"); Peter J. Pitchess, Sheriff of Los Angeles County and Joseph J. Busch, District Attorney for the County of Los Angeles (hereinafter sometimes referred to as the "County

Defendants"); Evelle J. Younger, Attorney General of the State of California and Houston I. Flournoy, State Controller of California and Chairman of the Franchise Tax Board (hereinafter sometimes referred to as the "State Defendants"). The Complaint must also be dismissed as to these Defendants.

## CONCLUSIONARY ALLEGATIONS

■■ It is well settled that conclusionary allegations, unsupported by any underlying factual details, are insufficient to state a claim under the Civil Rights Act.[1] The courts have consistently held that in a civil rights complaint against public officials, detailed specific facts must be asserted before relief becomes justifiable. Conclusions, including allegations couched in phrases like "deprivation of constitutional rights," will not constitute a proper basis for a civil rights action. Hoffman v. Halden, 268 F.2d 280, 294 (9th Cir. 1959), overruled on other grounds, Cohen v. Norris, 300 F.2d 24, 29–30 (9th Cir. 1962); Friedman v. Younger, 282 F.Supp. 710, 714 (C.D.Cal.1969); Fowler v. United States, 258 F.Supp. 638, 643–644 (C.D.Cal.1966). All that Plaintiffs have encompassed in their Complaint is a list of constitutional rights they claim have been abridged. We do not know when they were infringed, or by whom, or where. To say the least, the basic essentials of acceptable pleading are absent. Even with respect to their assertions regarding the right of privacy, Plaintiffs have failed to supply even the barest narrative of the circumstances surrounding any attempts to curtail that constitutional guarantee. Parenthetically, we note that Plaintiffs have not delineated that a "gross abuse of privacy" occurred, which might have been used to bolster the argument that

their Complaint should not be dismissed. Baker v. Howard, 419 F.2d 376, 377 (9th Cir. 1969).

■ In addition, merely characterizing the Defendants' conduct as conspiratorial does not constitute allegations upon which relief in a civil rights action can be granted. Friedman v. Younger, 282 F.Supp. 710, 714 (C.D.Cal.1969). As was stated in Hoffman v. Halden, *supra*, 268 F.2d at 295:

> "In a civil conspiracy, the conspiracy itself is not a cause of action, without overt acts, because again it is the overt act which moves the conspiracy from the area of thought and conversation into action and causes the civil injury and resulting damage. Accordingly, the cases hold that the damage in a civil conspiracy flows from the overt acts and not from the conspiracy."

Completely lacking any statement of overt acts, this Complaint must be dismissed under the mandate of Hoffman v. Halden, *supra*.

These grounds alone suffice to dismiss the Complaint with respect to all the Defendants named therein. However, there are other reasons why this Court should not entertain the action, especially as against the Federal officials.

## PRESIDENTIAL IMMUNITY

■ A special situation exists with respect to the Plaintiffs' attempt to name President Richard M. Nixon as a party Defendant. Only a rudimentary knowledge of the law is required to appreciate this Court's inability to assert jurisdiction over the President of the United States. The executive power is vested in the President by Article II of the United States Constitution,[2] and ju-

---

[1]. *See, e. g.,* Fletcher v. Hook, 446 F.2d 14, 16 (3rd Cir. 1971); Finley v. Rittenhouse, 416 F.2d 1186, 1187 (9th Cir. 1969); Lee v. Wilson, 363 F.2d 824 (9th Cir. 1966), cert. denied, 385 U.S. 995, 87 S.Ct. 609, 17 L.Ed.2d 454 (1966); Stiltner v. Rhay, 322 F.2d 314, 316 (9th Cir. 1963), cert. denied, 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed.2d 615 (1964).

[2]. ARTICLE II.
Section 1. The executive Power shall be vested in a President of the United States · of America. He shall hold his Office during the Term of four Years, and, together with the Vice President, chosen for the same Term, be elected, as follows . . .
U.S.Const. art. II § 1

dicial interference in the exercise of that power is extremely limited, if not constitutionally prohibited, in order to preserve the separation of powers within the Federal government. State of Mississippi v. Johnson, 71 U.S. (4 Wall.) 475, 18 L.Ed. 437 (1865).

It is this Court's policy to avoid a confrontation between the Judicial and the Executive branches of government. Indeed at least one Court in this Circuit has intimated that such policy, grounded in the uniform reluctance to contemplate this question, may occupy the status of a "positive rule." San Francisco Redevelopment Agency v. President Richard M. Nixon et al., 329 F.Supp. 672 (N.D.Cal. 1971). What was stated there is just as applicable here: "[t]he Court [has] been unable to find authority for the proposition that a United States District Court may compel the head of the Executive Branch of government to take any action whatsoever." *Id.* at 672.

## OFFICIAL IMMUNITY

The law is well settled that Federal officials are absolutely immune from civil suits seeking money damages for acts performed within the scope of their official duties. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959). Plaintiffs cite Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) in support of

their Complaint. However, although this case does hold that a Federal cause of action for damages can lie upon allegation and proof of injuries resulting from violation of Fourth Amendment Rights by Federal agents, it specifically left open the question of whether the Federal officers could have invoked the doctrine of official immunity. *Id.* at 397–398, 91 S.Ct. 1999. Thus the case of Bethea v. Reid, 445 F.2d 1163, 1165 (3rd Cir. 1971), cert. denied, 404 U.S. 1061, 92 S.Ct. 747, 30 L.Ed.2d 749 (1972), decided after *Bivens,* is controlling on the question of Federal immunity; and it holds that an Assistant United States Attorney is immune from liability, saying: " . . . in *Bivens* the Court was dealing only with enforcement agents and not with an assistant prosecutor. There is authority supporting the immunity of United States Attorneys." [3] Bethea v. Reid, *supra,* at 1165.

If as *Bethea* holds, an Assistant United States Attorney is immune from liability, logic dictates that a United States Attorney and the Attorney General of the United States should also be immune under a reasonable extrapolation of that case. High level government officials, unless some way specifically involved, cannot be treated in the same fashion as the agents who engage in the actual process of making the arrest or conducting the investigative and procedural duties of law enforcement and who, therefore, are not immune from damage suits.[4] By the same analogy, the Com-

---

3. *See* Norton v. McShane, 332 F.2d 855, 857–860 (5th Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965); United States v. Faneca, 332 F.2d 872 (5th Cir. 1964); Yaselli v. Goff, 12 F.2d 396 (2nd Cir. 1926), aff'd per curiam, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927).

4. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 456 F.2d 1339 (2d Cir. 1972), the second opinion by the 2d Circuit, which followed the Supreme Court's remand in *Bivens,* the Defendants were held not to be immune from damage suits based upon allegations of violations of constitutional

rights. However, the duties of the United States Attorney, the Attorney General of the United States, the Secretary of the Treasury, and the Commissioner of Internal Revenue cannot be compared with the duties of a police officer "making an arrest". And it was these duties that the 2d Circuit in its second *Bivens* decision held do not warrant the protection of the immunity defense. *Id.* at 1346. Indeed, the Circuit's holding in second *Bivens* cites with apparent approval the decision in Bethea v. Reid, 445 F.2d 1163, 1165 (3rd Cir. 1971), cert. denied, 404 U.S. 1061, 92 S.Ct. 747, 30 L.Ed.2d 749 (1972), which held that an Assistant

missioner of Internal Revenue and the former Secretary of the Treasury should also be exempt.[5]

## FEDERAL ABSTENTION

██ One more basis for dismissal exists with respect to Defendant Houston I. Flournoy. Plaintiffs allege that their property, "including money," has been "abused and/or confiscated by the defendants," and moreover that the Defendants refuse to return anything. This appears to be an oblique reference to the State taxing process as carried out by the Franchise Tax Board, of which Mr. Flournoy is chairman. There is a longstanding Federal aversion to interfering with the rightful independence of the states, and such restraint is especially necessary when a person seeks judicial interference with State taxation. Mandel v. Hutchinson, 336 F.Supp. 772 (C.D.Cal.1971). "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts" Younger v. Harris, 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Abstention is a principle based on comity. In *Younger*, the Supreme Court refused to enjoin a pending state criminal prosecution where the defendant had an ample opportunity to raise all his constitutional claims in the State. *Id.* at 49, 91 S.Ct. 746. Absent an immediate danger of irreparable loss of a person's federally protected rights, the Court must recognize the underlying reasons for restraining the Federal courts:

" . . . a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as 'Our Federalism', and one familiar with the profound debates that ushered our Federal Constitution into existence is bound to respect those who remain loyal to the ideals and dreams of 'Our Federalism' " *Id.* at 44, 91 S.Ct. at 750.

██ To be sure the concept is not absolute, but in a case like the one at bar, where the state of California has created an adequate procedure by which the Plaintiffs can recover any illegally enacted, enforced or exacted tax, abstention is proper.[6] It does not preclude any rights in law or equity, but it does extend comity to the Franchise Tax Board and the State courts. We are highly reluctant to foster confusion by interfering with a matter property left in the State's independent domain.

██ Ordinarily a matter such as this would warrant a dismissal without prejudice. However, it became clear during the hearing that the Plaintiffs and their attorney were unable to buttress their assertions with any concrete

---

United States Attorney was immune from liability. *Id.*, 456 F.2d at 1347.

Moreover, Gregoire v. Biddle, 177 F.2d 579 (2nd Cir. 1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950), which was quoted with approval by the Supreme Court in Barr v. Matteo, 360 U.S. 564, 571–572, 79 S.Ct. 1335, 3 L.Ed. 2d 1434 (1959), upheld the doctrine of official immunity in a case involving the Attorney General of the United States. And Norton v. McShane, 332 F.2d 855 (5th Cir. 1964) applied the doctrine of official immunity to numerous high-level of-

ficials of the Department of Justice, including the Attorney General.

5. *See* Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135 (1938), in which various high level officials of the Treasury Department were held to fall within the doctrine of official immunity.

6. In Mandel v. Hutchinson, *supra*, 336 F. Supp. at 780–782, this Court pointed out three procedures in California by which an individual can recover an allegedly unconstitutional tax.

facts of even the most basic variety. They could not state when, or where the alleged acts occurred; nor could they describe those acts in any greater detail than the conclusions that appear throughout their Complaint. Based on these findings, we are of the opinion that the dismissal of this Complaint as to all Defendants should be entered with prejudice.