The **COMMITTEE TO ESTABLISH THE GOLD STANDARD** et al.,
Plaintiffs,

v.

The **UNITED STATES of America** et al., Defendants.

No. 75 Civ. 7.

United States District Court,
S. D. New York.

Feb. 14, 1975.

Howard S. Katz, Pro Se.

Paul J. Curran, U. S. Atty., for defendant. By: Peter Salerno, Asst. U. S. Atty., of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Following the announcement that the defendant Secretary of the Treasury would sell on January 6, 1975, some of the gold in the Treasury's possession, the plaintiffs brought this suit seeking a declaration that "the gold in the Treasury's possession was illegally and unconstitutionally taken from the people in 1933 and therefore the Treasury has no right to sell it." Plaintiffs moved for a preliminary and permanent injunction against all gold sales by any of the defendants.

A hearing on this matter was held on January 24, 1975, pursuant to Securities & Exchange Commission v. Frank, 388 F.2d 486 (2d Cir. 1968).

It is the well-settled law in this Circuit that a preliminary injunction should issue only upon a clear showing of either (1) probable success on the merits and possible irreparable injury or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting relief. Gresham v. Chambers, 501 F.2d 687, 691 (2d Cir. 1974); Sonesta Int'l Hotels Corp. v. Wellington Associates, 483 F.2d 247, 250 (2d Cir. 1973); Gulf & Western Industries, Inc. v. Great Atlantic & Pacific Tea Co., 356 F.Supp. 1066, 1074, aff'd, 476 F.2d 687 (2d Cir. 1973).

Under the first test, the plaintiffs have not only failed to show probable success on the merits but have, in fact, shown that there are serious jurisdictional problems which may prevent this Court from ever reaching the merits of plaintiffs' claim. Jurisdiction is allegedly based on 28 U.S.C. § 1331 which confers general "federal question" jurisdiction on the district courts when the amount in controversy exceeds $10,000.00 and the matter "arises under" the Constitution, laws or treaties of the United States. Section 1331 does not, however, constitute a waiver of the sovereign immunity doctrine under which the United States, as a sovereign, is immune from suit save as it consents to be sued. Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Beale v. Blount, 461 F.2d 1133, 1138 (5th Cir. 1972).

Plaintiffs seem to argue that there has been a waiver of sovereign immunity as to the subject matter of this case. As an alternative basis of jurisdiction they point to 28 U.S.C. § 1346(a)(2) which provides in pertinent part:

"(a) The district courts shall have original jurisdiction . . . of:

\* \* \* \* \* \*

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, *founded either upon the Constitution,* or any Act of Congress, *or any regulation of an executive department,* or upon any express or implied contract with the

United States . . . ." (emphasis added).

Plaintiffs claim that the "action is against a regulation of the Treasury Department and is founded upon the Constitution." Plaintiffs' Memorandum of Law, p. 6.

■ I find that 31 U.S.C. § 773b is more dispositive of the sovereign immunity argument. That section provides:

"Any consent which the United States may have given to the assertion against it of any right, privilege, or power whether by way of suit, counterclaim, set-off, recoupment, or other affirmative action or defense in its own name or in the name of any of its officers, agents, agencies, or instrumentalities in any proceeding of nature whatsoever (1) upon any gold-clause securities of the United States or for interest thereon, or (2) upon any coin or currency of the United States, or (3) upon any claim or demand arising out of any surrender, requisition, seizure, or acquisition of any such coin or currency or of any gold or silver and involving the effect or validity of any change in the metallic content of the dollar or other regulation of the value of money, is withdrawn . . ."

■ In addition to the sovereign immunity bar there is also a standing problem. Plaintiffs do not allege any direct or particular injury to themselves but assert merely an interest common to all members of the general public. As the United States Supreme Court has stated:

"It is an established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained or is immediately in danger of sustaining, a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public."

Ex Parte Levitt, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937). See also Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 94 S.Ct. 2925, 41 L. Ed.2d 706 (1974).

From the foregoing discussion of the sovereign immunity and standing problems, it is clear that the plaintiffs have not demonstrated a probability of success on the merits and have therefore failed to satisfy the first test for a preliminary injunction.

■ To succeed under the second test the plaintiffs must show not only that there exist serious questions going to the merits, they must also show that the balance of hardships tips decidedly in their favor. It is clear that an injunction against the government's sale of any gold could certainly result in a hardship to the government. There is, however, no hardship to the plaintiffs which differs materially from the alleged hardship they have suffered since 1933, and the completion of the Treasury sale of gold on January 6, 1975 appears to have mooted plaintiffs' exigency argument. I find that the balance of hardships tips decidedly in favor of the government and against the plaintiffs.

■ Thus plaintiffs have also failed under the second test and the request for a preliminary injunction is therefore denied. Further, as to the defendant Gerald Ford as President of the United States, the service of process is quashed and the action is dismissed on the Court's own motion. The President of the United States is not amenable to suit in his official capacity where an injunction is sought that would affect the performance of the non-ministerial duties of his office. Mississippi v. Johnson, 71 U.S. 475, 4 Wall. 475, 18 L.Ed. 437 (1866); Marbury v. Madison, 5 U.S. 137, 169–171, 2 L.Ed. 60 (1803); Reese v. Nixon, 347 F.Supp. 314, 316–17 (C.D. Cal.1972); San Francisco Redevelopment Agency v. Nixon, 329 F.Supp. 672 (N.D.Cal.1971).

So ordered.