Thomas GAGE, Plaintiff,

v.

Howard WEXLER, Board Member of the San Francisco Redevelopment Agency, Joan-Marie Shelley, Board Member of the San Francisco Redevelopment Agency, Dian Blomquist, Board Member of the San Francisco Redevelopment Agency, Rubin Glickman, Board Member of the San Francisco Redevelopment Agency, Walter F. Kaplan, Board Member of the San Francisco Redevelopment Agency, Melvin D. Lee, Board Member of the San Francisco Redevelopment Agency, Hannibal A. Williams, Board Member of the San Francisco Redevelopment Agency, Wilbur Hamilton, Executive Director of the San Francisco Redevelopment Agency, Steven Nord, David Oster, Richard Thomas, Pettit, Evers & Martin and Dinkelspiel, Pelavin, Steefel & Levitt, Defendants.

Civ. No. C-78-0534-CBR.

United States District Court, N. D. California.

June 14, 1979.

James M. Dombroski, Clyde W. Stitt, Stitt & Dombroski, San Francisco, Cal., for plaintiff.

Leo E. Borregard, Mark H. Doane, David J. Oster, San Francisco, Cal., Leonard G. Weiss, Joel Zeldin, Richard L. Marcus, San Francisco, Cal., for defendants.

## MEMORANDUM OF OPINION

RENFREW, District Judge.

On December 8, 1978, this Court granted defendants' motion to dismiss plaintiff's First Amended Complaint for failure to

state a claim, and the First Amended Complaint and the action therein were dismissed with prejudice. At the same time, a hearing was set for the purpose of determining whether under all of the circumstances it would be appropriate to award defendants their attorney's fees. Such a hearing was held on March 15, 1979. After considering the oral argument of the parties and the post-hearing memoranda and letters submitted herein, this Court finds that an award of fees to defendants is appropriate.

Plaintiff's federal claims were based upon 42 U.S.C. §§ 1981, 1982, 1983, 1985(2), (3), and 1986. Statutory provision for awarding attorney's fees for such claims is found at § 1988:

"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, * * * the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." (As amended, Pub.L.No. 94–559, § 2, Oct. 19, 1976, 90 Stat. 2641.)

The standard for assessing the propriety of awards to defendants is provided in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), which dealt with the analogous fees provision[1] for Title VII litigation:

"[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 434 U.S. at 421, 98 S.Ct. at 700.

"[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith,* there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." 434 U.S. at 422, 98 S.Ct. at 701 (emphasis in original).

■ Equity also authorizes the federal courts to award attorney's fees, as "federal courts, in the exercise of their equitable powers, may award attorney's fees when the interests of justice so require." *Hall v. Cole,* 412 U.S. 1, 4–5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973). Thus, as the Court pointed out in *Hall,* "it is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" 412 U.S. at 5, 93 S.Ct. at 1946. In this case, both standards were met. This Court finds that plaintiff's claims were groundless and in addition litigated in bad faith. Accordingly, an award of attorney's fees is justified in both law and in equity.

■ The groundlessness of plaintiff's suit is best demonstrated in the facts set forth in the Memorandum of Opinion dismissing his complaint for failure to state a claim. Plaintiff operated an auto body shop for five years as a tenant of the San Francisco Redevelopment Agency ("Redevelopment Agency"). Angered by incidents pertaining to the relocation of his shop, he has been an unsuccessful party to four lawsuits with the Redevelopment Agency in state courts.[2] He claims that the Redevelopment Agency

---

1. Section 706(k) of Title VII of the Civil Rights Act of 1964 provides in relevant part, "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs * * *." 42 U.S.C. § 2000e–5(k).

2. *Agency v. Gage,* No. 643316 (Sup.Ct.1972) (eviction from Redevelopment Agency property located at 1250 McAllister Street); *Agency v. Gage,* No. 688–988 (Sup.Ct.1973) (eviction from Redevelopment Agency property located at 1040 McAllister Street and for back rent); *Agency v. Gage,* No. 699–131 (Sup.Ct.1974) (eviction from 1040 McAllister Street); *Gage v. Agency,* No. 661–094 (Sup.Ct.1978) (suit for breach of contract, negligence for failure to repair the premises at 1250 McAllister Street, negligence in moving plaintiff's property from 1250 McAllister Street to 1040 McAllister Street, and interference with business opportunities between January, 1970 and June 1, 1973).

is responsible for the eventual loss of his business and subsequent physical and emotional problems. This lawsuit, the fifth in the series, was filed in this Court on the last business day before retrial of the fourth suit was scheduled to begin in state court and sought $15 million in actual and punitive damages from several members of the Redevelopment Agency and its employees. At a June 1, 1978, status conference, this Court twice warned plaintiff that if this suit were no more than a collateral attack on a state judgment, the suit would be seen as an abuse of process and that attorney's fees may be awarded to defendants.[3]

Plaintiff then filed a First Amended Complaint not substantially different from the original complaint. This Court found the amended complaint to be a mere restatement of the earlier state claims, showing "the absence of any meritorious civil rights claim." The Court noted that "[b]y broadly alleging that defendants have pursued these and other actions as part of a continuing conspiracy to interfere with plaintiff's civil rights, plaintiff hopes to breathe new life into his stale state claims."

Memorandum of Opinion filed December 8, 1978, at p. 5. In dismissing, this Court held that the Civil Rights Act cannot be used to obtain review of state court judgments, and that the claims of due process and equal protection violations, phrased in conclusory terms and lacking factual allegations, were inadequate to state a claim for relief under the Civil Rights Act. Additionally, plaintiff's pendent state claims were dismissed as they no longer attached to valid federal claims.

Although the groundlessness of plaintiff's claims alone would justify an award of fees to defendants, *Christiansburg Garment Co. v. EEOC, supra,* plaintiff's bad faith in bringing and maintaining this suit deserves comment as well. The federal claims were all facially deficient, failing to properly allege invidious discrimination[4] or deprivation of constitutional rights.[5] Further, all of the federal claims were barred by the statute of limitations, as the incidents complained of in this suit, which was filed in 1978, occurred between 1972 and 1974, and the longest applicable statute of limitations is three years.[6] Apprised of these facts by

---

3. This Court warned plaintiff as follows:
   "* * * I think that you should think through very carefully your claim here because if it really doesn't have any substance and if you are really seeking a collateral attack on a state court judgment, you are just trying to relitigate the same issues in this case, you may be liable for the attorneys' fees for the parties that have been sued here because this couldn't be said to be made in *good faith.*
   "This would be an abuse of process and an abuse of litigation, so I think it should be thought through very carefully." (June 1, 1978 Transcript, pp. 7–8.) "* * * I do just add this caution, because if I find that there isn't a good faith basis for proceeding under the Civil Rights Act here and that this is simply a collateral attack on a state court judgment, it may cost your client some money and you some money." (June 1, 1978 Transcript, pp. 9–10.)

4. The statutes relied on by plaintiff (except § 1983) require as an element of the cause of action that there be some racial, or perhaps otherwise class-based, "invidiously discriminatory *animus* behind the conspirators' action." They do not cover all tortious interferences with the rights of others. *Griffin v. Breckenridge,* 403 U.S. 88, 101–102, 91 S.Ct. 1790, 1798,

29 L.Ed.2d 338 (1971). Plaintiff alleges no more than the fact that he is black, and thus fails to state a claim under the statutes cited.

5. Sections 1983 and 1985 require that plaintiff allege a deprivation of constitutional rights; his vague references to due process and equal protection do not meet this requirement. "It is well settled that conclusionary allegations, unsupported by any underlying factual details, are insufficient to state a claim under the Civil Rights Act." *Reese v. Nixon,* 347 F.Supp. 314, 316 (C.D.Cal.1972).

6. Of the federal statutes relied upon by plaintiff, only § 1986 has an explicit statute of limitations, and it bars actions not commenced within one year after the cause of action has accrued. For those claims based on other sections of the Civil Rights Act, this Court applied the analogous state statute of limitations, consistent with federal policies. *De Malherbe v. Int'l Union of Elevator Constructors,* 449 F.Supp. 1335, 1350–1351 (N.D.Cal.1978). The analogous statute here, for claims based on liability created by statute, is California Code of Civil Procedure § 338(1), which provides a three-year limitation for "[a]n action upon a liability created by statute, other than a penalty or forfeiture."

defendants, plaintiff insisted on continuing the litigation. Additionally, the timing of this suit and the attempted implication of opposing counsel bespeak a vexatious motive. After unsuccessfully moving to have defendants' attorneys disqualified from the fourth state suit, plaintiff filed this suit on the literal eve of the retrial of the state suit, naming the defendants' attorneys as defendants and seeking fifteen million dollars in damages. Plaintiff then lost the retrial in the state court. Defendants filed a certificate of counsel in the instant case and put plaintiff on notice that future motions were anticipated with respect to counsel being continued in this case. Thereafter, plaintiff dropped the attorneys as defendants and reduced the prayer to two million dollars. These actions suggest that the federal action was brought merely for its *in terrorem* effect during the state litigation. The substantial change in the prayer sought, as well as the frivolity of the claim, demonstrates a failure to comply with Rule 11 of the Federal Rules of Civil Procedure.[7]

Thus, there is ample justification for awarding attorney's fees to defendants. The award could cover a reasonable fee in its entirety, following the guidelines set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717 (5 Cir. 1974), to determine the reasonableness of the fee. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69 (9 Cir. 1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

■ This Court is mindful of the possibly chilling effect an award of attorney's fees to a prevailing defendant may have upon other potential plaintiffs seeking to vindicate their civil rights. The Civil Rights Acts are a part of the moral bedrock of our nation. They reflect the value we place upon the individual and implement the deep and long-felt concern that all persons be accorded equal treatment under the law. Congress has long been aware that our entire society suffers if just one person is subjected to unlawful treatment because of race, sex, national origin, or the like. It is because of the invaluable cathartic role of civil rights cases that the courts must be vigilant against their abuse. One may not use the civil rights statutes as a means of obtaining federal court review over state court actions. Nor may one with knowledge of the baselessness of his claim bring a civil rights action seeking many millions of dollars of damages as an *in terrorem* bargaining tool.

The prevailing defendants have incurred substantial expenses for attorney's fees to date. However, an award of a portion of these expenses seems to be sufficient in light of all of the circumstances, including plaintiff's limited financial resources. Accordingly, an award of $2,000 for attorney's fees will be made to defendants. Both plaintiff and his counsel are culpable. They each knew or should have known that the allegations were not susceptible of proof in a court of law. Counsel, moreover, was under a professional obligation not to bring such a frivolous suit. Therefore, the costs of attorney's fees will be taxed against plaintiff and his counsel, James M. Dombroski. *Robert Nemeroff, D.D.S. v. Alan Abel-*

---

7. Rule 11 of the Federal Rules of Civil Procedure provides:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted."

*son, et al.*, 469 F.Supp. 630 (S.D.N.Y.1979). In addition, defendants are to recover their costs as taxed against plaintiff.

IT IS HEREBY ORDERED that defendants are awarded two thousand dollars ($2,000) as attorney's fees together with their costs.

IT IS HEREBY FURTHER ORDERED that counsel for defendants shall prepare an appropriate form of judgment in accordance with this Memorandum of Opinion and the earlier Memorandum of Opinion dismissing this case with prejudice and submit it to the Court for execution within ten (10) days hereof.