Norman **BURKES**, Jr., Plaintiff-Appellant,

v.

Luther **CALLION**, Deputy Central Adult Investigations, etc., et al., Defendants-Appellees.

No. 24611.

United States Court of Appeals, Ninth Circuit.

Nov. 4, 1970.

Norman Burkes, Jr., in pro. per.

Bonne, Jones & Bridges, Attys., Los Angeles, Cal., for defendants-appellees.

Before BARNES, BROWNING, and DUNIWAY, Circuit Judges.

PER CURIAM:

Appellant brought this civil rights damage action under 42 U.S.C. § 1983(2) against Luther Callion, a Deputy Probation Officer for Los Angeles County, and Dr. George Abe and Dr. Alvin Davis, court-appointed medical examiners,[1] alleging that he was sentenced to state prison rather than granted probation because the defendants made false statements of fact and omitted material facts in making their respective reports to the state court. The district court dismissed the complaint on the grounds that the defendants were immune from liability under the Act. We affirm.

This circuit has repeatedly held that judges and other officers of government whose duties are related to the judicial process are immune from liability for damages under section 1983 for conduct in the performance of their official duties. *See, e. g.*, Agnew v. Moody, 330 F.2d 868 (9th Cir. 1964); Harmon v. Superior Court, 329 F.2d 154 (9th Cir. 1964); Sires v. Cole, 320 F.2d 877 (9th Cir. 1963). A probation officer preparing and submitting a probation report in a criminal case is performing a "quasi-judicial" function and is entitled to a similar, if not the same, immunity that is accorded to judges for acts done by them in the exercise of their judicial functions. Harmon v. Superior Court, *supra*; Friedman v. Younger, 282 F.Supp. 710, 715–716 (C. D.Cal.1968); Dunn v. Estes, 117 F. Supp. 146 (D.Mass.1953).

We hold that the court-appointed psychiatrists who prepared and submitted medical reports to the state court are also immune from liability for damages under the Act.[2] The function of the examining psychiatrists in this case falls within the scope of "quasi-judicial immunity," defined by this court in Robichaud v. Ronan, 351 F.2d 533, 536 (9th Cir. 1965), to extend to acts committed "in the performance of an integral part of the judicial process."

Affirmed.

1. Defendants Abe and Davis were appointed by the Superior Court of Los Angeles pursuant to Calif.Penal Code § 1027 to conduct an examination of appellant in order to determine his sanity at the time of a homicide offense.

2. This case is distinguishable from Jobson v. Henne, 355 F.2d 129 (2d Cir. 1966), where the Second Circuit refused immunity to state-employed psychiatrists who allegedly caused the inmate of a state mental institution to perform involuntary servitude under the guise of therapeutic treatment. In that case the psychiatrists did not act pursuant to a court order and their acts were not related to the judicial process.