**Vincent F. ZARRILLI, Plaintiff**
**vs.**
**Jonathan RANDALL, et al., Defendant**

No. 78-1651-T

United States District Court
Commonwealth of Massachusetts

August 6, 1981

**Plaintiff, Pro Se**
**Carl Valvo, Esq.**, counsel for defendants
**Lisa Harrod, Pro Se**

## ORDER OF JUDGMENT

**TAURO, D.J.** For the reasons stated in a memorandum issued this date, plaintiff's state law claims against all defendants and his federal claims against the state defendants are dismissed, without prejudice, for lack of subject-matter jurisdiction. Plaintiff's federal claims against the individual defendants are dismissed, with prejudice, for failure to state a cause of action. Accordingly, it is ordered that judgment enter, and judgment is hereby entered, in favor of defendants.

**. J. Tauro**
**United States District Judge**

## MEMORANDUM

**TAURO, D.J.** Vincent F. Zarrilli brings this **pro se** action against the Commonwealth of Massachusetts and several Commonwealth officials under 42 U.S.C. sec. 1983, the Constitution, and Massachusetts law. Defendants move to dismiss for failure to state a claim.

### I

Accepting at face value the matters pleaded in this complaint, the following pattern of factual allegation emerges. Sometime before May 29, 1975, plaintiff was convicted of nonsupport in the Framingham District Court. He sought trial **de novo** in the Middlesex Superior Court, and on May 29 his case was called for trial before defendant Judge Salvatore Faraci. Defendant Faraci refused to conduct the trial and threatened to "lock up" plaintiff if he failed to comply with a probationary support order previously entered in the Framingham District Court. In order to have his trial conducted by a different judge, plaintiff had to waive his jury trial claim.

Prior to July 16, 1975, defendant Jonathan C. Randall, a probation officer, had plaintiff arrested under an invalid warrant. On July 16, 1975, plaintiff appeared in Framingham District Court before defendant Judge Elbert Tuttle with a briefcase containing writings "critical of certain judges of the Framingham District Court." After defendant Randall confiscated the briefcase and brought it to defendant Tuttle, the two of them perused the contents. Angered by the writings they discovered during the search, Tuttle and Randall caused a court psychiatrist to give a false opinion stating that plaintiff was incompetent to stand trial and recommending that plaintiff be confined for further evaluation and treatment. Plaintiff was then committed without a hearing. Subsequent medical

examinations established that plaintiff was competent, and he eventually obtained his release.

Then in December 1975, defendant Judge Edward Bennett of the Superior Court presided over plaintiff's **de novo** trial on the nonsupport charge. Plaintiff was again convicted, and on January 19, 1976 Judge Bennett imposed a jail sentence. This sentence was later reduced to probation, in return for which plaintiff was coerced to convey his interest in his home to his former wife. Defendant Lisa Harrod, at that time an Assistant District Attorney for Middlesex County, appeared at the sentencing and helped arrange the deal by which the sentence was reduced. On appeal, plaintiff's conviction was reversed.

While the above proceedings were going on, plaintiff complained to defendant C. Eliot Sands, the Commissioner of the Massachusetts Department of Probation, but Sands took no action to restrain his employee Randall. Similarly, plaintiff filed formal written complaints with the Commission on Judicial Conduct, but the Commission dismissed the complaints without adequate investigation.

Based on these allegations, a plaintiff seeks nominal damages against each personally named defendant, and more substantial damages against the Commonwealth. Although plaintiff's theories are less than clear, they essentially charge false imprisonment as well as violations of plaintiff's constitutional rights to jury trial, procedural due process, and freedom from unreasonable searches and seizures.

## II

### A. Claims Against the Commonwealth

Actions against a state in a federal court may proceed only within the confines of the Eleventh Amendment, which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

It is well-settled that the Amendment deprives the federal court of jurisdiction over suits against a state and its agencies by its own citizens, as well as those of another state. See, **Edelman v. Jordan**, 415 U.S. 651, 662-63 (1974). Hence, plaintiff's claims against the Commonwealth, the District Courts, the Superior Courts, the Department of Probation, and the Commission on Judicial Conduct are dismissed, without prejudice, for lack of subject-matter jurisdiction.

### B. Federal Claims Against the Individual Defendants

The threshold issue in these claims is whether the individual defendants enjoy absolute immunity. Judges are immune from suit challenging acts which are (1) "judicial" in character, that is, of a type "normally performed by a judge"; and (2) not committed in the "clear absence of all jurisdiction." See, **Stump v. Sparkman**, 435 U.S. 349, 356-57, 360-62 (1978). The actions challenged here plainly fall within the immunity.

Judge Faraci's supposed threat to lock up plaintiff was, as even plaintiff concedes in the complaint, an attempt to compel compliance with a court order. Judge Bennett's alleged impropriety involved a reduction of a sentence he had previously imposed. Such acts, even if improperly or maliciously committed, are typical of the kinds of functions judges normally perform and therefore meet the first requirement. As for the second requirement, it cannot be seriously contended that Judge Bennett lacked the power to modify a sentence he himself had previously imposed. It might be argued that Judge Faraci did not have the power to enforce a lower court order, but such an attempt would still not be appropriately characterized as made in

the "clear absence of all jurisdiction."

Judge Tuttle's alleged search of plaintiff's briefcase might not, at first glance, seem to fall within either the judge's normal province or his power. But judges have a legitimate concern with security, and they undeniably have the power to require searches of materials brought into a courtroom. It is perhaps true that judges themselves do not typically conduct such searches, but an act does not lose its judicial character because it is performed by a judge himself rather than his agent.

Similarly, prosecutors enjoy absolute immunity when pursuing activities "intimately associated with the judicial. phase of the criminal process." **Imbler v. Pachtman,** 424 U.S. 409, (1976). Defendant Harrod's participation in, plaintiff's sentencing constitutes such an activity. **Cf., Miller v. Barilla,** 549 F.2d 648, 649 (9th Cir. 1977). Hence, she is also absolutely immune.

Finally, probation officials have been accorded a "quasi-judicial" immunity when performing duties related to the judicial process. See, **Burkes v. Callion,** 433 F. 2d 318, 319 (9th Cir. 1970), **cert. denied,** 403 U.S. 908 (1971). The acts attributed to defendant Randall are all closely related to the judicial proceedings against plaintiff and therefore provide no basis for a cause of action.[1]

Accordingly, the federal claims against the individual defendants are dismissed with prejudice.

## C. State Claims Against Individual Defendants

Since the federal claims in this case are dismissed before trial, this Court declines to exercise pendent jurisdiction over the state claims. See, **United Mine Workers v. Gibbs,** 383 U.S. 715, 726 (1966). The state claims are therefore dismissed, without prejudice, for lack of subject-matter jurisdiction.

An order will issue.

**J. F. Tauro**
**United States District Judge**

[1] Plaintiff also seeks to hold C. Eliot Sands, Commissioner of the Department of Probation, liable for failure to prevent Randall from harming plaintiff. It is unclear whether plaintiff alleges a cause of action under 42 U.S.C. § 1983 or 42 U.S.C. § 1985, but dismissal is appropriate under either section. The inaction attributed to Sands does not provide the "affirmative link" between misconduct and official policy which section 1983 requires. See, **Rizzo v. Goode,** 423 U.S. 362, 373-77 (1976). Similarly, plaintiff's failure to allege that Sands participated in a conspiracy renders his claim insufficient under section 1985.