958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leonard John HODGSON, Plaintiff-Appellant,
v.
Robbie WATERS, Sacramento County Sheriff; Detective
Humphrey; Mark G. Smith; Tony Goodman; Angela
M. Curiale, et al., Defendants-Appellees.
 No. 91-15299.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1992.*
Decided March 23, 1992.
 
 Before REINHARDT, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leonard John Hodgson, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. Hodgson contends that the district court erred by not allowing him further discovery prior to granting summary judgment, by relying on his second deposition, which was not signed, and by granting summary judgment when genuine issues of fact remained for trial. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 In 1983, Hodgson was charged and convicted of rape. He currently is incarcerated pursuant to that conviction. This action arises out of alleged incidents surrounding the rape investigation.
 
 
 5
 In his amended complaint, Hodgson alleged that defendant Curiale, a staff psychologist with the California Department of Corrections, falsified an Emergency Psychological Evaluation of Hodgson and caused it to be included in his file. Hodgson further alleged that defendants Goodman, Smith, and Humphrey, detectives employed by Yolo County Sheriff's Department, disclosed confidential information regarding Hodgson's criminal history to his employer and his former wife and thereby caused the termination of his employment, his divorce, and his loss of standing in his church.
 
 II
 Analysis
 A. Discovery
 
 6
 Hodgson contends that the district court erred in granting summary judgment in favor of defendants without allowing him further discovery. We review discovery rulings for abuse of discretion. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). Although we generally disfavor summary judgment if relevant evidence remains to be discovered, the burden is on the nonmoving party to show what material facts would be discovered that would preclude summary judgment. Id. Here, Hodgson failed to show what specific facts he hoped to discover which would have enabled him to withstand summary judgment. Accordingly, the district court did not abuse its discretion by granting summary judgment without allowing Hodgson further discovery. See id.
 
 B. Hodgson's Deposition
 
 7
 Hodgson contends that the district court should not have relied on his second deposition in granting summary judgment because it was not signed. This court recently held that if the deponent was sworn, the unsigned deposition should be admissible as an affidavit to support a summary judgment motion. In re Sunset Bay Assoc., 944 F.2d 1503, 1509-10 (9th Cir.1991). Here, Hodgson was sworn and therefore the district court correctly considered the deposition in support of defendants' summary judgment motion. See id.
 
 C. Summary Judgment
 
 8
 We review a grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 9
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 1. Defendant Curiale
 
 10
 Hodgson alleged that defendant Curiale, a staff psychologist for the California Department of Corrections, falsified an Emergency Psychological Evaluation of him and caused it to be placed in his file. Court-appointed psychologists and parole board officials are entitled to quasi-judicial immunity for performing functions integral to the judicial process. Stump v. Sparkman, 435 U.S. 349 (1978); Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir.), cert. denied, 545 U.S. 1102 (1981); see Burkes v. Callion, 433 F.2d 318, 319 (9th Cir.1970), cert. denied, 403 U.S. 908 (1971). Here, Curiale was serving the parole board in a function virtually identical to a court-appointed psychiatrist. Thus, the district court correctly found that she was immune from suit for damages. See Burkes, 433 F.2d at 319.
 
 
 11
 Hodgson also brought a claim for injunctive relief against Curiale. Hodgson sought to have the allegedly false report removed from his file. The district court correctly found that Curiale did not have the authority to expunge the report from his current prison file and that Hodgson failed to avail himself of state procedures for correcting inmate files. See Cal.Dep't Corrections Admin.Manual § 5010. Thus, Hodgson failed to state a claim for injunctive relief against Curiale.
 
 2. Defendants Smith, Goodman, and Humphrey
 
 12
 Hodgson alleged that defendants Smith, Goodman, and Humphrey wrongfully disclosed confidential information regarding his rape charge and his previous criminal record to his former wife, his employer, officials of his church, and the rape victim. He further alleged that as a result of these allegations, his wife divorced him, he was terminated from his employment, and he lost his position as a minister in his church. Finally, he alleged that, as a result, he was deprived of his constitutional rights to marriage, employment, and freedom of religion by a state actor.
 
 
 13
 Even assuming that Hodgson has demonstrated that he was deprived of protected liberty and property interests, his claim fails. Hodgson must show that the deprivations occurred without due process of law. Under Zinermon v. Burch, 110 S.Ct. 975, 986-87 (1990), we must determine whether the state's procedures for handling confidential information are constitutionally adequate under the balancing test of Matthews v. Eldridge, 424 U.S. 319, 335 (1975). Hodgson does not claim that the procedures are themselves inadequate or that the state should have taken additional steps in order to ensure compliance; nor do we believe that additional procedures are constitutionally necessary. Compare Zinermon, 110 S.Ct. at 989-90 (holding that state voluntary commitment procedures were constitutionally inadequate because they were insufficient to ensure compliance). Hodgson's claim is essentially that the defendants failed to comply with otherwise adequate procedures. But such a case presents exactly the type of "random and unauthorized" deprivation which the state is "truly unable to anticipate" and the prevention of which cannot be accomplished with additional pre-deprivation procedures. See id. at 987. Accordingly, Hodgson must demonstrate that the state's post-deprivation procedures--namely, its state tort remedies--are constitutionally inadequate. As Hodgson has not alleged that state tort law is inadequate, his claims against Smith, Goodman, and Humphrey must fail.[1]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his amended complaint, Hodgson also alleged a claim for violation of 42 U.S.C. § 3789. The district court correctly found that Hodgson had waived this claim in his opposition to summary judgment. Accordingly, we do not address this claim