967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank R. BORDERS, Plaintiff-Appellant,
v.
Mark ALLAN; Alan Traywick, Defendants-Appellees.
 No. 91-35711.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank R. Borders, a Washington state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action in favor of Mark Allan, a state employee, and Allen Traywick, a psychologist in private practice. The district court found that Allan and Traywick were absolutely immune from suit. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm. See id.
 
 
 3
 * Background
 
 
 4
 Defendant Mark Allan is a forensic therapist and a state employee at Western State Hospital. Defendant Allan Traywick is a licensed psychologist who, at the time he examined Borders, was under contract with the State to evaluate candidates for admission to the Sexual Offender Treatment Program ("Program"). After evaluating Borders, Traywick recommended that Borders be admitted to the Program as part of his criminal sentence for rape and assault. Traywick also recommended, however, that if Borders was discharged from the Program as untreatable, he should be confined to the Department of Corrections for the longest period of time allowed under the law. After Borders participated in the Program for three years, forensic therapist Allan recommended to Washington Superior Court Judge Ishikawa that Borders should be discharged from the Program and confined to the Department of Corrections because he was not amenable to further treatment. After receiving the report, Judge Ishikawa sentenced Borders to state prison to carry out his original sentence.
 
 
 5
 Borders brings this action alleging that: (1) Allan violated his civil rights by recommending that his treatment in the Program be terminated without first providing him with the opportunity to challenge his psychological findings in a formal hearing; (2) Allan discriminated against him on the basis of race when he found him not amenable to further treatment; (3) Traywick discriminated against him on the basis of race when he recommended to Judge Ishikawa that Borders be transferred to prison if found untreatable; and (4) the district court abused its discretion by denying him appointment of counsel to assist him in bringing this action.
 
 II
 Substantive Claims
 
 6
 The district court granted summary judgment in favor of Allan and Traywick finding that they were entitled to absolute immunity for performing functions integral to the judicial process. See Stump v. Sparkman, 435 U.S. 349 (1978); Burkes v. Callion, 433 F.2d 318, 319 (9th Cir.1970) (probation officer and court-appointed psychiatrist immune from statements in their respective reports to the court), cert. denied, 403 U.S. 908 (1971). To the extent Borders seeks damages under section 1983, both Allan and Traywick are entitled to summary judgment on immunity grounds. See Burkes, 433 F.2d at 319.
 
 
 7
 Judicial immunity, however, does not bar claims for injunctive relief in section 1983 actions. Pulliam v. Allen 466 U.S. 522, 541-42 (1984). Because Borders is seeking injunctive relief, i.e., that he be provided with a pre-transfer hearing and that his psychological profile records be expunged from his prison file, quasi-judicial immunity does not bar the action. Neither of the named defendants, Allan or Traywick, however, have the authority to provide Borders with the relief he has requested; neither can order the court to expunge Border's psychological reports from the court files or provide Borders with a pretransfer judicial hearing. Accordingly, the district court properly granted summary judgment in favor of Traywick and Allan.
 
 
 8
 Moreover, because Borders appears in essence to be collaterally challenging the fact and duration of his confinement, his proper remedy is to file a writ of habeas corpus.[1] See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Franklin v. Oregon, 662 F.2d 1337, 1347 n. 13 (9th Cir.1981) (when prisoner files section 1983 complaint that seeks relief available through habeas corpus, district court should construe the complaint as a habeas petition). There is no evidence in the record, however, that Borders has sought relief through a habeas corpus action prior to filing his section 1983 action. In addition, prior to filing a habeas corpus action, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254; Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardener, 770 F.2d 876, 877 (9th Cir.1985). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971). Here, because Borders's claims appear to involve habeas corpus issues that have not been exhausted, the district court properly dismissed the action.
 
 III
 Assistance of Counsel
 
 9
 Generally, there is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir.1986). The district court, pursuant to 28 U.S.C. § 1915(d), however, has the discretionary authority to appoint counsel to represent indigent civil litigants subject to appellate review under an abuse of discretion standard. Id. at 798. The exercise of the district court's power to appoint counsel is limited to exceptional circumstances. Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980). In determining whether exceptional circumstances exist, the district court may look at both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983).
 
 
 10
 The district court addressed both of these bases when it denied Borders's motion. Borders has not demonstrated a likelihood of success on the merits. Accordingly, we find no abuse of discretion. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his report and recommendation the magistrate judge acknowledged that Borders had substantially broadened the allegations in his complaint when responding to the court's order to show cause as to why summary judgment should not be granted. The magistrate judge found that Borders was attempting to challenge the validity of the state court proceedings underlying his incarceration and concluded that a habeas corpus action would be Borders's proper remedy