37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ursula STRAUB, Plaintiff-Appellant,
v.
Robert F. CARY; David Paris, Defendants-Appellees.
 No. 94-35199.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ursula Straub appeals pro se the district court's summary judgment for former Washington State Hospital psychiatrist Robert Cary and psychologist David Paris in Straub's 42 U.S.C. Sec. 1983 action. Straub's complaint alleged that her constitutional rights were violated during state criminal proceedings when Dr. Paris provided the court with a false report regarding her mental competency to stand trial. The complaint also alleged that while Straub was committed to the Washington State Hospital for the court ordered evaluation, Straub was told that Dr. Cary would recommend hospitalization for an unlimited time. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Tipton v. University of Haw., 15 F.3d 922, 925 (9th Cir.1994). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 To establish a section 1983 claim, the plaintiff must show that a person acting under color of state law deprived her of a right secured by the Constitution or federal law. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Id. at 623. We may affirm the district court on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 5
 On appeal, Straub first contends that Dr. Paris is not entitled to witness immunity for his report to the court because he perjured himself. This contention lacks merit.
 
 
 6
 Court-appointed psychiatrists who prepare and submit medical reports to the state court are immune from liability for damages under section 1983 because their work for the court is performed in a quasi-judicial capacity. Burkes v. Callion, 433 F.2d 318, 319 (9th Cir.1970), cert. denied, 403 U.S. 908 (1971).
 
 
 7
 Here, to the extent that Dr. Paris prepared a report for the court stating his conclusion that Straub was mentally incompetent to aid in her defense and to stand trial, Dr. Paris was acting for the court and is entitled to absolute immunity from suit. See id.
 
 
 8
 Straub also contends that Western State Hospital should be liable for their negligent supervision of their staff. The Eleventh Amendment, however, generally bars actions in federal court against states or state agencies. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir.1991), cert. denied, 112 S.Ct. 1478 (1992). Accordingly, the district court properly dismissed the Western State Hospital and the Department of Social Services of the State of Washington. See id.
 
 
 9
 Moreover, as to Dr. Cary, liability under section 1983 cannot be predicated on the theory of respondeat superior. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.
 
 
 10
 Here, Straub alleged only that she was threatened that Dr. Cary would recommend indefinite hospitalization. She fails to indicate, however, any direct action against her by Dr. Cary, or that he personally participated in or directed the conduct of others. See id.
 
 
 11
 Accordingly, the district court did not err by granting summary judgment for all defendants. See Burkes, 433 F.2d at 319; Taylor, 880 F.2d at 1045.[1]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Straub's motion to amend complaint is denied. In light of our holding, we need not consider the remaining issues Straub raises on appeal