73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerrold S. FLEMMING, Plaintiff-Appellant,
v.
OREGON PAROLE BOARD; Marva Claudette Fabien, Oregon Parole
Board; Vern L. Faatz, Oregon Parole Board; Mike Pacheco,
Oregon Parole Board; Daniel Santos, Oregon Parole Board;
Diane Middleto, Oregon Parole Board; Levernis Coleman,
Oregon Parole Board; Robert Scheidler, Superintendent
Santiam Correctional Institution; Robert Stuckey, Ph D;
Robert William Davis, Ph D, Defendants-Appellees.
 No. 94-36207.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerrold S. Flemming, an Oregon state prisoner, appeals pro se the district court's section 1915(d) dismissal of his 42 U.S.C. Sec. 1983 civil rights action alleging that members of the Oregon Parole Board, two psychologists and a prison official (the "defendants") violated Flemming's due process and equal protection rights in connection with his parole hearing. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm in part, and vacate and remand in part.
 
 
 3
 We review for abuse of discretion the district court's dismissal pursuant to section 1915(d). See Denton v. Hernandez, 504 U.S. 25, 33 (1992). Section 1915(d) authorizes the district court to dismiss an in forma pauperis complaint if it is satisfied that the action is frivolous. See Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Id. at 325.
 
 
 4
 In his complaint, Williams alleged that the defendants violated his due process rights by (1) failing to consider relevant information during his parole hearing (2) submitting psychological evaluations based upon tests which contained erroneous results because the tests were administered improperly, and (3) relying on the results of the psychological evaluations in extending Flemming's parole date. Williams also alleged that he was treated differently from other inmates during his hearing as a result of his "alleged mental illness." Williams sought relief in the form of damages.
 
 
 5
 We reject Flemming's contention that the district court erred by dismissing his claims against the members of the Oregon Parole Board in their official capacities because state officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). We also reject Flemming's contention that the district court erred by dismissing his claims against the members of the Oregon Parole Board in their individual capacities because they were entitled to absolute quasi-judicial immunity for actions taken in their capacity as Parole Board members. See Anderson v. Boyd, 714 F.2d 906, 908-09 (9th Cir.1983); Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir.), cert. denied, 454 U.S. 1102 (1981).
 
 
 6
 Because Robert Davis and Robert Stuckey were serving the Oregon Parole Board in a function virtually identical to a court-appointed psychiatrist, the district court properly dismissed Flemming's claims against Davis and Stuckey because they were immune from suit for damages. Cf. Burkes v. Callion, 433 F.2d 318, 319 (9th Cir.1970) (per curiam), cert. denied, 403 U.S. 908 (1971) (holding that a court appointed psychiatrist is immune from suit for damages for preparing a pre-sentence report for the court).
 
 
 7
 Although Flemming's complaint is devoid of facts showing how Robert Scheidler personally participated in the alleged constitutional deprivation, see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989), such a defect is curable by amendment. Because the district court did not provide Flemming with an opportunity to amend his complaint to cure this deficiency, we remand this claim out of an abundance of caution. See Cato v. United States, No. 94-17104, slip. op. 15157, 15162 (9th Cir. Dec. 4, 1995); Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (per curiam); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 8
 AFFIRMED in part, and VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3