**Jane DOE, Plaintiff–Appellant,**

v.

**State of ARIZONA; et al., Defendants–Appellees.**

**Nos. 05–15598, 05–15603.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.*

Filed Sept. 6, 2007.

Jane Doe, Tucson, AZ, pro se.

Margaret C. Bergin, Richard P. Broder, Catherine M. Stewart, Esq., Office of the Arizona Attorney General, Liability Management Section, Thomas E. Dugal, Pima County Attorney's Office, Diana L. Kanon-Ustariz, Esq., Tom Slutes, Esq., Slutes, Sakrison, Even, Grant & Pelander, Richard Davis, Gary J. Cohen, Esq., Mesch, Clark & Rothschild, Peter Collins, Jr., Esq., David Keith Rosen, Esq., Gust Rosenfeld PLC, Patricia A. McCoy, Esq., Christopher J. Smith, Smith Law Group, Carl E. Hazlett, Esq., Hazlett Law Firm, Tucson, AZ, Stephen C. Yost, Campbell Yost Clare & Norell PC, Judith A. Berman, Esq., Doyle Berman Gallenstein, PC, Gordon Lewis, Esq., Jennings Strouss & Salmon, Phoenix, AZ, Scott M. MacMillan, Michael L. Green, Esq., Green & Baker, Scottsdale, AZ, Terrance C. Mead, Esq., Glendale, AZ, for Defendants–Appellees.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Jane Doe appeals pro se from the district court's judgments against her in two cases, consolidated on appeal, in which she sought damages and injunctive relief arising from her civil commitment and mental health treatment in 2000 and 2001. We have jurisdiction under 28 U.S.C. § 1291, and we may affirm the district court's decision on any ground supported by the record, even if it differs from the district court's rationale. *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1129 (9th Cir. 2006). We affirm.

The district court did not err when it dismissed the claims against Dr. Gathof because he was entitled to quasi-judicial immunity when he performed court-ordered evaluations, *see Burkes v. Callion,* 433 F.2d 318, 319 (9th Cir.1970) (per curiam), and any other claims against him were time-barred because they accrued in November 2000, *see Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 761–62 (9th Cir.1991), and more than two years elapsed before Doe filed the action in which she properly served him, *see Ariz. Rev.Stat.* § 12–542(1). Similarly, the district court did not err when it dismissed the claims against Kim Goodell and Southern Arizona Mental Health Corporation because more than two years elapsed between the November 2000 accrual date and September 17, 2003. The district court did not err when it sua sponte dismissed the claims against Amy Acorn in both actions. *See Omar v. Sea–Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir.1987); Fed. R.Civ.P. 4(m).

The district court did not err when it granted summary judgment in favor of Kino Community Hospital and Pima County because Doe did not raise a triable issue regarding either employer liability or liability under *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not err when it dismissed the claims against the State because it enjoyed sovereign immunity under the Eleventh Amendment and cannot be sued under section 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Further, the *Young* doctrine permitting suit for injunctive relief against officials of the state does not permit suit against the state itself. *See id.* We are not persuaded that Doe stated a claim under the Americans with Disabilities Act of 1990, so the exception recognized by *United States v. Georgia,* 546 U.S. 151, 126 S.Ct. 877, 882, 163 L.Ed.2d 650 (2006), is inapplicable.

We do not reach Doe's contentions regarding the alleged conduct of La Frontera Center or doctors Levinson, Mahoney and Stoker, because the claims against these defendants were properly dismissed for insufficiency of service. *See* Fed. R.Civ.P. 4. We do not consider Doe's contentions regarding alleged health care fraud because the district court granted her motion to dismiss this claim.

We have carefully considered all of Doe's remaining contentions, including her contention that the district court abused its discretion by allowing her insufficient time to respond to motions, and her contentions regarding the dismissals of Nurse Linda and Wendy Doe, and we are not persuaded.

Because the district court did not err when it entered judgment in each action, we do not consider Doe's contentions regarding the constitutionality of Arizona's involuntary confinement statutes.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

We deny all outstanding motions as moot.

**AFFIRMED.**